Judge Owsley
delivered the opinion of the court.
This is a writ of error brought by the plaintiff in error *218 to reverse a judgment obtained against him in an aetion of ejectment, which he prosecuted in the court below for the purpose of recovering from the defendant the possession of a tract of land.
An officer's deed who the statute is complid with uLscs thtft? tie to the purchaser, thor uS-1 wh^h the executf’n issues be terwa. ds re-'tíhí’ a deed underasher-iff’s sale may teilhT^the execution under which rnad’^’eTif there’ is e-noug-h in the ceruint0 the execüti’n.thé title will pass to the pur-
The plaintiff asserted his fight to recover through thé heirs of Bartlet Searcy, deceased; and after having intro-» duced the patent to Searcy, and the deed of conveyance to him from the heirs, the defendant, for the purpose of shewing the heirs had no title when they gave the.deed to the plaintiff, produced a deed of conveyance executed to him by a deputy sheriff; and after the judgment and execution under which the sale was made by the sheriff were also introduced, the court, on the defendant’s motion, instructed the jury that the deed from the sheriff vested in the defendant the legal title.
Whether, therefore, the court correctly instructed the jury, is the only enquiry presented for consideration.
If the sheriff’s deed conforms to the requisitions of the law, there can be no doubt but that the title passed to the defendant.
The judgment, to satisfy which the sale was made, as j)as s¡nce j,een determined by this court, was, it is true, for error ’n ^ Proceedings, liable to be reversed; but as by the act of 1792, land is subjected to sale under writs oí fieri facias, in satisfaction of all judgments, although the judgment may he erroneous, under a sale and conveyance made whilst it remains in full force, the title must be considered passing to the purchaser. For as the judgment and ex-ecl3tion confer a sufficient authority to the sheriff to sell, it follows that a sale and conveyance by him must necessarily the defendant’s title,
That t¡le deed substantially conforms to the requisitions °f the law, we are also of opinion, there is but little room to doubt. It. does not, it is true, recite literally the writ of fieri fi(Cias under which the sale was made, but it recites, we suPPose sufficient, that the land was taken and sold to the defendant for the consideration of eighty pounds, uh-der an execution which had been obtained by the defend-'n cour* °f quarter sessions of Woodford county, against the estate of Bartlet Searcy, for 175 debt, and 14 17 costs, &C.
There is, it is true, a variance between the execution thus recited, arid that given in evidence; but as it exists only in describing the Z 75 for which it issued, to be debt *219 instead of damages, and a slight difference in the amount of the cost, that variance, especially as from other circumstances exhibited in the record, the execution tinder which the sale was made, is clearly ascertained, cannot have prevented the title from passing to the defendant.
Wicklijje for plaintiff, Talbot for defendant in error.
The judgment must be affirmed with cost.