TANNER, Defendant in Error, *vs.* STINE, Plaintiff in Error.

1. Under the 38th and 45th sections of the act of 1835, concerning "executions," a sheriff's deed which recited that the land was exposed to sale" at the court house door, in the city of St. Louis, during the ———— term of the ———— court of ————, for the year eighteen hundred and forty ——, was held void.

*Error to St. Louis Court of Common Pleas.*

This was a civil action commenced by Edwin Tanner against Emily Stine, in 1850, the object of which was to obtain the legal title to a lot in the common fields of Carondelet, containing one and a half arpens in front by forty arpens in depth.

The plaintiff claimed under a deed from William Chambers, who purchased the land at a sheriff's sale, under an execution against Jacob R. Stine, and received a sheriff's deed therefor dated November 1, 1843. This deed, after reciting the judgment, execution, levy and advertisement, contains the following recital: " by virtue of which said execution and advertisement, I did, on the 19th day of April, in the year of our Lord eighteen hundred and forty-three, between the hours of nine in the forenoon and five in the afternoon of that day, agreeably to said advertisement, at the court house door, in the city of St. Louis, during the ———— term of the ———— court of ————, for the year eighteen hundred and forty ——, expose to sale at public auction, for ready money, all the right, title, claim, interest, estate and property of the said Jacob R. Stine, of, in and to the above described real estate," &c., " and William Chambers being the highest and best bidder," &c. The judgment, upon which the execution under which Chambers purchased issued, was rendered on the 19th of August, 1842, and was for a debt which accrued in 1839.

The defendant claimed the land under a deed from James V. Prather, to whom her husband, Jacob R. Stine, conveyed the same by deed dated November 28, 1839. The plaintiff attack-

ed these deeds as without consideration and·fraudulent. The court below submitted the case to the jury upon the question of fraud, and refused to instruct that the sheriff's deed passed no title by reason of its non-conformity to the requirements of the statute. There was a verdict for the plaintiff, and the defendant sued out a writ of error.

*E. & B. Bates*, for plaintiff in error. There is a fatal defect in the sheriff's deed to Chambers. The sheriff's power to sell is a mere legal power that must be exactly followed. Although it be true that, under the statute, certain required facts, preliminary to the sale, are presumed to exist from recital in the sheriff's deed, yet it required the power of the statute to make it so. But the sheriff's deed itself is not within the healing power of the statute. It must speak for itself, and no presumptions or intendments can be made in its favor. Its office is, to effect a forcible, legal transfer of the title, without the act or consent of the owner, and therefore, it must be strictly legal or it cannot convey a legal title. 9 Mo. Rep. 878. 14 Mass. Rep. 29. 15 Pick. 28. The act of the court in giving judgment, and the acts of the officers preliminary to the sale are beyond the control of the purchaser, and therefore errors in them shall not injuriously affect him ; but he is a party to the deed, may refuse to receive a bad one, and may compel the sheriff to make him a good one, when he has complied with the terms of the sale on his part. R. C. 1835, §38, 45.

*F. A. Dick* and *F. P. Blair, jr.*, for defendant in error. The sheriff's deed to Chambers is valid as a conveyance of the land. The objection urged against this deed is, that the blanks for the term of the court at which the sale was made and for the year at which such term was held, are left unfilled. The date of the execution, acknowledgment and recording of the deed is given, and also the time of sale, stating the day and between what hours of the day the sale took place ; so that there is no uncertainty as to when the sale was made, upon the face of the deed. Now, by referring to sections 38 and 45 of the act of 1835, concerning " executions," under which this

deed was made, it appears that the law does not require the deed to state that the property was sold during the term of the Circuit Court. But even if the deed was required to recite that the sale took place during the term, yet the omission of it, or a mis-recital as to this, would not invalidate the deed. *Hill* v. *Streeter*, 5 Cow. 529. *Witherell* v. *Jones*, 9 Cow. 182. *Walker* v. *Carson*, 16 Mo. Rep. *Landes* v. *Perkins*, 12 Mo. Rep. 238. *Reed* v. *Austin*, 9 Mo. Rep. 731. *Armstrong* v. *McCoy*, 8 Hammond (Ohio) Rep. 128. *Perkins* v. *Dibble*, 10 Ohio, 433. *Cherry* v. *Woolard*, 1 Iredell (N. C.) 438. *Hattan* v. *Dew*, 3 Murphy (N. C.) 260. *Wilkins* v. *Rue*, 4 Blackf. 263.

SCOTT, Judge, delivered the opinion of the court.

1. This cause will turn upon the sheriff's deed executed to Chambers, under whom Tanner, the plaintiff below, claims. A great deal was said in the argument and many cases were cited, to show the length that this and other courts have gone in support of sales made under judicial process. But the precise point involved in this litigation, we are not aware has ever been decided by this tribunal. The deed of the sheriff to Chambers recites that, agreeably to an advertisement accompanying the deed, at the court house door in the city of St. Louis, during the ――――― term of the ――――― court of ―――――, for the year eighteen hundred and forty ―――――, he exposed to sale, &c.

The 38th section of the act concerning executions (R. C. 1835) enacts, that when real estate shall be taken in execution, it shall be duty of the officer to expose the same to sale at the court house door, on some day during the term of the Circuit Court for the county where the same is situated, having previously given twenty days' notice of the time and place of sale, &c. The 45th section of the same act makes it the duty of any officer who shall sell any real estate, to make to the purchaser a deed, to be paid for by the purchaser, reciting the names of the parties to the execution, the date when issued, the

date of the judgment and other particulars, as recited in the execution; also a description of the property, the time, place and manner of sale, which recital shall be received as evidence of the facts therein stated."

When judicial proceedings have been assailed for irregularity, with a view to destroy titles acquired under them, the courts have all been liberal in intendments for their support. So likewise great indulgence has been shown to the acts of officers in the sale of lands under judgments and decrees, when the party relying on those acts was not aware of the irregularity, and had no control of the officers in their performance. It will not be maintained, that the sale by the sheriff of real estate under a judgment is the execution of a statutory power, and that his authority must be strictly pursued, in order to render the sale valid. This is the principle applicable to the sale of collectors for the non-payment of taxes. But the authority of the sheriff, in sales of real estate, depends on the judgment and execution, and the compliance with certain acts which, for the protection of debtors, the law requires to be performed previous to the sale.

Cases, with respect to recitals in sheriffs' deeds, have been cited from the Ohio Reports. These are *Armstrong* v. *McCoy*, 8 Ham., and *Perkins* v. *Dibble*, 10 Ohio, 433. In the first of these cases, the objection to the deed was, that it did not recite all the executions that issued upon the judgment, before the sale was effected. This objection was not maintained. The court held that it was only necessary that the deed should show that the sheriff acted under the execution. It was observed that this question had been frequently raised in New York, and it had been uniformly decided in favor of the sheriff's deed. In the last of the above cited cases, it was said that the law regulating judgments and executions, requires that the deed of conveyance to be made by the sheriff or other officer, shall recite the execution or the substance thereof, and the names of the parties, the kind of action, the amount and date of term of the rendition of each judgment, by virtue whereof

the lands and tenements were sold, &c. That the deed in the present case recites the execution and the names of the parties as therein stated, but in referring to the judgment, does not again recite their names, neither does it state the amount of the judgment, except as it appears upon the execution. It recites sufficient to show that the officer had authority to sell, and this we hold all to be necessary. The case of *Armstrong* v. *Mc-Coy* was cited in the support of the opinion. This last case we have seen rests upon the authority of decisions in New York. Now this is a fair illustration of the danger of construing the statutes of one state by reference to principles in other states, founded on statutes with which we are unacquainted. The cases in Ohio are founded on the principle that recitals are no necessary part of a deed, and the books of New York are used in its support. The proposition may be correct as an abstract one. As to the materiality of recitals in a deed executed by a sheriff, we will recur to the subject hereafter. The 62d section of the 2d article of the act concerning executions (N. Y. Rev. Laws) prescribes that after the expiration of fifteen months from the time of the sale of any real estate, if any of the premises shall remain unredeemed by the person entitled to redeeem the same, within one year from the time of such sale, then the officer making such sale shall complete the same, by executing a conveyance of the premises so remaining unredeemed ; which conveyance shall be valid and effectual to convey all the right, title and interest which was sold by the sheriff. So it appears that the New York statute is silent as to the recitals to be contained in a deed. Hence in the case of *Martin* v. *Pratt*, 10 John. 381, which is one of the cases relied on by the court of Ohio, it was held that, where there was a variance between the sum mentioned in the judgment roll of the total amount of damages, it was not material, the clause of *in toto se attingunt*, being only a clerical addition and no part of the judgment. The recital of the execution in a sheriff's deed is not necessary, and a mistake or variance in the recital, is not material, and does not affect the validity of the deed, so

long as there was an existing and sufficient authority to the sheriff to warrant the sale. To the same purpose is the case of *Jackson* v. *Streeter*, 5 Cow. 530. The cases of *Hattan* v. *Dew*, 3 Mur. 260, and *Cherry* v. *Woolard*, 1 Iredell (N. C.) Rep., maintain that where a sheriff sells under a valid execution, it is no objection to the title of the purchaser, that in his deed of conveyance he misrecites the execution. It does not appear from these cases that there is any statute on the subject in that state, and as no allusion is made to it, we may infer that none exists. The case of *Wilkins* v. *Rue*, 4 Blackf. 263, holds that a sheriff's deed may be admissible in evidence, though it recites incorrectly the amount of the execution under which the sale was made ; a particular recital of the execution not being necessary to the validity of the sale. This case refers to *Martin* v. *Pratt*, 10 John., above recited, as an authority in support of it. Upon examination, it will be found that the statute of Indiana, on the subject of sheriff's deeds, is silent as to the matter which shall be contained in them. It merely enacts that the sheriff shall execute a deed. The case of *Sneed* v. *Reardon*, 1 Mar. (Ky.) Rep. 217, maintains that, though a deed under a sheriff's sale may not recite literally the execution under which the sale was made, yet, if there was enough to ascertain the execution, the title will pass to the purchaser. In Kentucky, the statute requires that the deed of the sheriff shall recite the execution, purchase and consideration. Morehead and Brown's Rev. Laws, 1463. So all these cases merely maintain that a mis-recital of an execution in a sheriff's deed will not avoid the conveyance, and most of them arose in states where the statutes were silent as to the form of the deed to be executed to the purchaser.

The case of the *President & Selectmen of Natchez* v. *Minor*, 10 Sme. & Mar. 244, which is so frequently referred to, with a view to show the liberality in which courts indulge, in order to uphold titles acquired at sheriff's sales, decides that a total omission of the sheriff to give the notice, or his giving it in a mode entirely different from that prescribed by law, will

not affect the title of a *bona fide* purchaser of real estate under execution, who has no knowledge of the misconduct of the officer.

The invalidity of the deed involved in this controversy may be maintained, without impugning the authority of any of the above cited cases. Upon an examination of the statute of Ohio above cited, it will be found that it requires the recitals of the judgments and executions and various matters of form which, in no wise, can affect the sale for good or for evil, so far as the debtor or purchaser is concerned. The interpretation it has received is, that it is directory, beyond what was necessary to show that the sheriff had authority to act. Our statute goes further, and not only requires the recital of the authority to sell, but also of the performance of other acts which were necessary to make a valid sale. It requires that a sheriff's sale shall be made during the term of the Circuit Court. This was for an obviously wise purpose. The deed must recite the time, place and manner of sale, and the recital of these facts in the deed is made the evidence that the law has been complied with. It was contemplated that the deed, upon the face of it, should show that the sale had been made at such a time as the law supposed would produce the most beneficial result. The recital of the mere day of sale would not satisfy the law, without showing that the day was during the term of the Circuit Court. This has been the uniform practice in this state. Then, without undertaking to say what recitals are directory and what essential, we may safely declare that the recital of those of the enumerated facts, the non-performance of which would render the sale void, is necessary.

If a sale was made at a time other than during the term of the circuit or other court required by law, there can be no question, that a purchaser taking a deed under such a sale, would not be permitted to recover the land intended to be conveyed by it. The sheriff, in making a a conveyance, is not disposing of his own property. He is selling the property of a debtor *in invitum* for the benefit of the creditor. The sale is required

to be made under circumstances which the law deems most advantageous to all concerned. The deed is required to be made in such a way as must show that this has been done. The purchaser is bound to pay the expenses of the deed. He might have prepared it, or at least have rejected it, as not being in compliance with the law. His acceptance of it is his own voluntary act—an act in the performance of which he had a right to control and direct the officer. These considerations distinguish this case from those in which a purchaser takes a title in good faith, on the reasonable presumption, that the law has been complied with by those entrusted with its execution, and over whose acts he has no control. Under such circumstances, the purchaser will be protected, and to this extent have the cases gone which have been determined in this and other courts.

We are sufficiently impressed with the importance of upholding titles acquired at sheriff's sales. A well grounded confidence in their validity will prevent sacrifices of property ; but considerations of this kind would always be urged with a better grace by those, who themselves have imparted a little confidence in such titles. Here is an estate said to be worth $30,000 sold for five dollars. Under such circumstances, a purchaser is scarcely warranted in claiming a liberal indulgence to the defects of his title paper.

Judge Ryland concurring, the judgment will be reversed. Judge Gamble did not sit.