HIRAM CRITTENDEN, Appellant, *v.* THOMAS LEITENSDORFER *et al.*, Respondents.

1. *Ejectment—Conveyance—Judgment—Execution—Variance.*—The sheriff's deed upon the sale of land, under an execution which varies from the judgment in the names of the parties plaintiffs and defendants, and in the amount of the judgment, is fatally defective, and passes no title.
2. *Ejectment—Judgment Lien—Attachment.*—Where the lien of the judgment, in a suit by attachment to which the defendants had appeared, has expired, the purchaser under the execution takes only such title as the defendants had at the date of the issue of the execution. Dryden, Judge, dissenting.

*Appeal from St. Louis Court of Common Pleas.*

*Knox & Kellogg,* for appellant.

The appellant contends that the sheriff's deed to him vested in him all the interest that Eugene Leitensdorfer had in the property conveyed, at the time the attachments were levied. That the partition in a suit instituted March 18, 1852, was wholly inoperative so far as the appellant is concerned; that appellant's title was derived under judgments and executions in suits by attachment, suits instituted in the month of February, 1849; that the property was attached in said month of February, and that the attachments were a lien upon the property sold up to the time of the sale. The interest purchased by the appellant was an undivided interest, and no partition, in a suit instituted for partition after the property was attached, is binding upon appellant.

It is in the power of this court, in furtherance of justice, to amend the clerical error by reason of which the respondents contend that the appellant acquired no title under the sheriff's deeds in the case of Campbell v. Leitensdorfer. (R. C. 1855, pp. 1256, 1257, 1255, § 16, 19, 20, 23.)

*E. Casselberry*, for respondent.

Objections to first deed. The deed recites that on December 24, 1849, judgment was rendered in favor of Robert Campbell, surviving partner of William & Robert Campbell, against Eugene Leitensdorfer, Jacob Haughton, Antoine Vien, Aaron Bowers and Euphrosine Leitensdorfer, for $7.600.76. This is all wrong; the judgment was in favor of both of the Campbells against Eugene Leitensdorfer and Jacob Haughton, and no others, and judgment is for $7,676.00. The sale is under a new levy and not under the attachment; an imperfect sheriff's deed cannot be perfected by a court. (Morean v. Detchmendy, 18 Mo. 522.)

There is no such judgment as the one described in the execution attached to the deed, neither as to parties plaintiff nor defendant, nor as to amount. The amount stated is $7,600.76; it ought to have been $7,676.00. This is a fatal variance.

The second claim of title is under the sheriff's deed dated

April 21, 1854, under sale of April 11, 1854, recorded May 12, 1854; judgment June 10, 1850, in case of Hiram Crittenden against Eugene Leitensdorfer and Jacob Haughton, for $2,195.21. The execution was issued after three years from the time of the rendition of the judgment. The sale was under the new levy, and not on the attachment. The sheriff's deed is dated December 4, 1855, based on an execution issued on the above judgment of Crittenden against Leitensdorfer and Haughton, and recorded January 12, 1856.

There is no judgment of the kind recited in the deed; it says a judgment of June 10, 1850, in the case of Hiram Crittenden against Eugene Leitensdorfer alone; it should have been against Eugene Leitensdorfer and Jacob Haughton. The court cannot correct an imperfect sheriff's deed. (18 Mo. 522.) The space of five years had elapsed before the time of issuing the execution.

BATES, Judge, delivered the opinion of the court.

This is a suit for partition. The plaintiff claimed to represent and own the interest of Eugene Leitensdorfer, one of the sons of John Eugene Leitensdorfer, deceased, in several different tracts of land; and that the defendants, who are the widow and other children of said John Eugene, owned the other undivided interests in said tracts. The plaintiff derived his title through several sheriff's deeds, and at the trial of the case, after instructions had been given by the court, he took a non-suit, and after an ineffectual motion to set it aside, brings the case to this court.

1. The court gave an instruction as follows: "The plaintiff takes no title under the sale on the Campbell execution, for the reason that there is no such judgment as that recited in it; there is a fatal variance between the execution and the judgment."

The Campbell execution, referred to, recited that, "Whereas, Robert Campbell, surviving partner of William and Robert Campbell, on the 24th day of December, 1849, recovered against Eugene Leitensdorfer, Jacob Haughton, Antoine

Vien, Aaron Bowers, and Euphrosine Leitensdorfer, the sum of seven thousand six hundred dollars and seventy-six cents," &c. The plaintiff gave in evidence the record of a suit of William Campbell and Robert Campbell against Eugene Leitensdorfer and one Haughton, (whose first name is written in some places Joab and in others Jacob,) by attachment, both of the defendants being non-residents and not served with process, and in which suit there was judgment by default on the 30th day of November, 1849, and inquiry of damages and final judgment on the 24th of December, 1849, for seven thousand six hundred and seventy-six dollars. Afterwards, William Campbell having died, the judgment was revived on the 10th day of December, 1853. (It appears from the sheriff's return to the attachment, that he notified the tenants and persons in possession of the real estate attached, to-wit: Thomas Leitensdorfer, Frayne Leitensdorfer, Abram Cool, and J. J. Asmuth, that he had attached the same.) The judgment given in evidence varies from that recited in the names of the plaintiffs, the names of the defendants, and the amount recovered; this constitutes, as the lower court decided, a fatal variance. It is impossible to identify the judgment given in evidence with that recited in the execution.

2. The plaintiff also gave in evidence a judgment in his own favor against Eugene Leitensdorfer and Haughton. This suit was begun by attachment and the same lands were attached. The defendants appeared to the action, and a general and special judgment was rendered against them on the 10th day of June, 1850. On the 10th day of March, 1854, an execution issued on that judgment, under which the plaintiff bought the lands and received a sheriff's deed thereof. And again, on the 9th of November, 1855, another execution issued on the same judgment, and under which the plaintiff again bought the lands and received a sheriff's deed thereof. In the mean time, in 1852, Eugene Leitensdorfer, and the other representatives of the deceased John Eugene Leitensdorfer, had made partition of their lands, and the share of said Eugene had been set off to him in severalty.

The court then gave the following instruction: "The sheriff's deeds to the plaintiff, under his judgment against Eugene Leitensdorfer and others, pass the interest which said Leitensdorfer had had in the premises sold and conveyed, but plaintiff took Leitensdorfer's interest in the condition it was at the date of the issuing of the first execution under which the sale was made, and not in the condition it was when the writ of attachment was levied, and this for the reason that the lien of the judgment had expired when the executions (under which the sales were made) were issued, and therefore the plaintiff is only entitled to such portions of the premises as belonged to said Leitensdorfer after the partition of the premises."

The statute enacts that liens of judgments shall commence on the day of the rendition of the judgment, and shall continue for three years; the language applies to all judgments; no exception is made, nor reason perceived why an exception should be made in the case of a judgment in a suit commenced by attachment. The instruction was correct.

3. The defendants set up that one of the tracts of land was the separate property of the widow of Leitensdorfer. The only instructions given having reference thereto were given at the instance of the plaintiff, and of course he does not complain of them.

4. One of the defendants set up title in himself to the lands which had been set off to Eugene Leitensdorfer, with a great many averments of matters which had nothing to do with the questions which alone could be decided in this case, and actually prayed that the plaintiff be forever enjoined from setting up any claim under his said sheriff's deeds. It is suggested that the lower courts might save themselves much annoyance by striking from the pleadings in partition cases, the long, tedious and impertinent statements *de omnibus rebus et quibusdam aliis*, with which they are frequently stuffed.

Judgment affirmed; Judge Bay concurs.

DRYDEN, Judge. On the second point decided in the opinion in this case, I am not satisfied. I incline to the opinion that the duration of the lien in an attachment suit, so far as the property attached is concerned, is not limited by the general law which restricts the liens of judgments to three years from and after the rendition of the judgment. (R. L. 1845, § 3, p. 622.) The lien in attachment suits, as to the property attached, commences not with the rendition of the judgment, but with the levy of the attachment, and the lien in such cases is an attachment lien, not a judgment lien. The Legislature has seen fit to limit the duration of the latter lien, but not the former.