JACKSON WILHITE, Respondent, *vs.* JEREMIAH WILHITE, Appellant.

1. *Statute, construction of—Executions statute on—Sheriff's sales—Essential recitals.*—The names of the parties to the execution, the date when issued, the date of the judgment, the description of the property, and the time, place, and manner of sale, are essential recitals in a Sheriff's deed, for property sold on execution, (W. S. 612, § 54,); all the other provisions relative to the recitals therein, may be regarded as simply directory. [Not in harmony with Crittenden vs. Leitensdorfer, 35 Mo. 239.]

### *Appeal from Texas Circuit Court.*

*Bland & Mitchell,* for Appellant.

I. The essential recitals in a sheriff's deed, (W. S. 612, § 54,) are, the date of the execution, the time, place, and manner of sale, and a description of the lands sold. These recitals are all correctly made in the sheriff's deed to White, and are *prima facie* evidence that the sale was made according to law. (Tanner vs. Stein, 18 Mo. 580; Crittenden vs. Leitensdorfer, 35 Mo., 239.)

II. The object of the other recitals required by the said section, " the date of judgment and other particulars,". are for the purpose of identifying the deed with the judgment, and where this can be done with reasonable certainty, the deed will be held good, notwithstanding a slight variance. (Stuart vs. Severance, 43 Mo., 322; Campbell vs. King, 42 Mo., 219; Jamison vs. Walker, 4 Wend., 462; Johnson vs. Davis, 18 Johns., 7.)

*S. T. Williams,* for Respondent.

The deed offered in evidence by defendant recites that judgment was rendered against Thomas Yates and F. M. Chambers, whereas, in fact the judgment was rendered against Chambers alone, and misstates the amount of the judgment.

This deed could pass no title to appellant. (Crittenden vs. Leitensdorfer, 35 Mo., 239.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment, in which the general issue was raised, and the trial was before a jury.

Both parties derived title to the lands from one F. M. Cham-bers. The plaintiff read in evidence a deed, dated July 11th, 1869, from Chambers to him, purporting to convey the land in controversy, and there rested.

The defendant read in evidence a deed by the sheriff, dated in April, 1867, and recorded a short time thereafter, convey-ing the land to him, and reciting an execution, judgment, etc., against E. M. Chambers, and Thomas Yates, for the sum of three hundred dollars and fifty cents, in his favor, and also re-citing the fact, that the land was levied upon, and sold as the property of Chambers and Yates.

The plaintiff then read in evidence, from the Circuit Court records, a judgment entitled Jeremiah Wilhite vs. F. M. Cham-bers and Thomas Yates, which recited, that the plaintiff in that case dismissed his action as to Yates, and then followed the entry of judgment against Chambers for three hundred and fifty dollars.

It was shown on the trial, that this was the only judgment that Wilhite, the defendant in this case, had against Chambers, and that the plaintiff here was present at the sheriff's sale, when the land was bid in and purchased by the defendant.

The Circuit Court instructed the jury, that the variance be-tween the judgment and the recitals in the sheriff's deed was fatal, and that the deed passed no title to the defendant, and that plaintiff was entitled to recover.

The jury then gave a verdict for the plaintiff, upon which judgment was rendered.

The question to be determined is, whether the recital in the deed of a judgment against Chambers and Yates, when, in fact, it was against Chambers only, and the mistake in the amount by stating that it was three hundred dollars and fifty-cents, when it was three hundred and fifty dollars, constitutes such a fatal variance as to destroy the defendant's title. The solution of this question will depend greatly upon the con-struction of our statute, as to what may properly be called di-rectory, and necessary or essential recitals.

The 55th section of the statute in reference to executions

(1 W. S., 612,) declares, that the officer, who shall·sell any real estate, shall make to the purchaser a deed, to be paid for by the purchaser, reciting the names of the parties to the execution, also a description of the property, the time, place, and manner of the sale ; which recital shall be received as evidence of the facts therein recited.

This question was before this court in the case of Tanner vs. Stine, 18 Mo., 580.

That was a case, where a sheriff's deed was drawn in controversy, and the recitals in the deed were, that the land was exposed to sale, " at the court house door, in the City of St. Louis, during the————term of the————court of————, for the year eighteen hundred and forty————," and the deed was held to be void. It will be observed, that in the above case there was not simply a mistake or error, but a complete and total omission to comply with the statute.

The court, in the opinion, says : " The deed must recite the time, place, and manner of sale, and the recital of these facts in the deed is made the evidence that the law has been complied with. It was contemplated, that the deed upon the face of it should show, that the sale had been made at such a time as the law supposes would produce the most beneficial result. The recital of the mere day of sale would not satisfy the law, without showing that the day was within the term of the Circuit Court. This has been the uniform practice in this State. Then, without undertaking to say what recitals are directory, and what essential, we may safely declare, that the recital of the enumerated facts, the non-performance of which would render the sale void, is necessary."

The law required, that the sale should be made at a term of the court, and it was held, that the deed must show that this requirement was complied with. These things are expressly enumerated in the section, as matters necessary to be done, and they were wisely put in for beneficial purposes.

Having the sale take place whilst the Circuit court is in session, gives it publicity and attracts a large number of bidders.

In Kentucky, where the statute requires that the deed of the sheriff shall recite the execution, purchase and consideration, it was held, that though a deed under a sheriff's sale may not recite literally the execution under which a sale was made, yet if there was enough to ascertain the execution, the title will pass to the purchaser. (Sneed vs. Reardon, 1 Mar., 217.)

In most of the States it is decided, that it is sufficient if the deed recites enough to show that the officer had authority to sell. But these adjudications are based upon statutes differing from ours. The enumerated provisions of the statute, which would seem to be essential recitals, are the names of the parties to the execution, the date when issued, the date of the the judgment, the description of the property, and the time, place, and manner of sale. These inform everybody of everything necessary to be known, and all else may be regarded as simply directory. The deed in this case gives the correct time when the execution was issued, the date of the judgment, the description of the property, and the time, place and manner of the sale.

There was a valid judgment against the execution defendant Chambers, and the recital, that Yates was also a defendant, was immaterial. So in reference to the mistake in the amount of the judgment; they were both evidently clerical errors, and might well be disregarded. (Stewart vs. Severance, 43 Mo., 322.) They were matters of mere form, and not of substance.

We are aware that this opinion does not fully harmonize with the decision in Crittenden vs. Leitensdorfer, (35 Mo., 239,) but that case seems to have been hastily decided, and we do not concur in the result arrived at.

The present case furnishes an illustration of the wisdom of upholding judicial sales, when fairly conducted. The defendant here purchased the land, paid his money for it, took possession, and has continued to reside on it in the confident belief that he had a good title.

The plaintiff was present at the sale, and was cognizant of all the facts. But afterwards, discovering what he supposed

was a defect in the defendant's deed, and which would defeat his title, he buys the land of the execution debtor, and now seeks to oust the defendant. But we think, that he has wholly failed to present a case which would entitle him to succeed.

The judgment will be reversed, and the cause remanded. The other Judges concur.