————o————

GRISWOLD E. WARNER, Plaintiff in Error, vs. JOSHUA SHARP, Defendant in Error.

1. *Sheriff's deed under mortgage—Recital as to order of sale, etc.*—A sheriff's deed under foreclosure of mortgaged land, is not invalid for failing to state that the County Court granted the order of sale in a case where no other court had jurisdiction. And a recital in the deed, that the order was issued " at the June adjourned term," is sufficiently definite without naming the day of the term, where this fact might be ascertained from the records of the court.

*Error to Montgomery Circuit Court.*

*Powell & Hughes*, for Plaintiff in Error.

I. The deed from the sheriff was improperly admitted. It does not appear from the deed, what court, if any, or

authority, ordered the sale of the real estate in said deed described. (Tanner vs. Stine, 18 Mo., 580 ; Lackey vs. Lubke, 36 Mo., 115; McCormick vs. Fitzmorris, 39 Mo., 24; Buchanan vs. Tracy, 45 Mo., 437.)

2. The date of the order is totally omitted. (Stewart vs. Severance, 43 Mo., 322 ; Buchanan vs. Tracy, 45 Mo., 437.)

*A. A. Buckner*, for Defendant in Error.

I. The deed upon its face shows, that this order was made by the County Court at its June Term, 1862, adjourned over. No other court then, except the Circuit Court, could have jurisdiction to make a sale. There was no Circuit Court in June, but there was a regular term of the County Court in June, of which the Circuit Court and this court will take judicial notice.

ADAMS, Judge, delivered the opinion of the court.

This was ejectment for land in Montgomery county, being the west half of lots one and two of the north-east quarter, and the north-west quarter of section three, in township fifty of range six.

Both parties claimed title under Josiah Whiteside.

The defendant claims by virtue of a sheriff's deed made under a foreclosure sale of a mortgage, which had been given by Whiteside to secure the loan of school monies. The mortgage was given prior to the emanation of plaintiff's title, and was duly acknowledged and recorded.

The case was submitted to the court sitting as a jury, and resulted in a finding and judgment for the defendant.

On the trial, the defendant gave evidence conducing to show, that in 1864 all the records of Montgomery county had been destroyed by fire, and also gave evidence conducing to show, that the County Court of Montgomery county, on account of non-payment of the interest due on the debt from Whiteside, had ordered the land under the mortgage to be sold by the sheriff.

The defendant then offered the sheriff's deed, which was made in pursuance of the foreclosure sale. The plaintiff ob-

jected, because the recitals of the deed did not show by what court the order of sale was made. The deed recites, that at the June adjourned term, it was ordered, that the sheriff sell to the highest bidder at the court-house door, in the town of Danville, for cash in hand, on the 4th Monday of October next, during the sitting of the Circuit Court, all the right, title, and interest of Josiah Whiteside, in, and to the lands (describing them) and reciting the mortgage debt, &c.

Although the court is not named in the recital by which this order of sale was made, it sufficiently appears, that it was the County Court, as there was no other court which had jurisdiction to make this sort of summary order, to foreclose a mortgage to secure school funds. This objection was not tenable, and the court properly overruled it.

The plaintiff also objected to the sheriff's deed, because it did not recite the day of the month on which the order for sale was made.

The deed recites, that the order was made at the June adjourned term, 1862.

If it was necessary to ascertain the exact day of the month, that might be done by reference to the record, " *id certu mest quod certum reddi potest.*"

I think the sheriff's deed was properly admitted as evidence. Judgment affirmed. The other Judges concur.

THE OCTOBER TERM AT ST. LOUIS IS CONTINUED IN VOL. LIV