CARTER v. REEVES, *Appellant*.

**Sheriff's Deed**: RECITALS. A sheriff's deed executed in pursuance of a power conferred by a mortgage to the county, will be void if it fails to recite that a certified copy of the order of the county court requiring the sheriff to foreclose was delivered to him and that the

sale was made in pursuance of the order; but if these are facts, the purchaser may obtain a new deed properly reciting them.

*Appeal from Howell Circuit Court.*—HON. J. R. WOODSIDE, Judge.

REVERSED.

*A. H. Livingston* for appellant.

*Hynes & Olden* for respondents.

HOUGH, J.—This is an action of ejectment. On February 16th, 1872, the defendant sold and conveyed the land sued for to one Durham. On the 23rd day of April, 1872, Durham executed to the defendant a mortgage to secure the payment of the unpaid purchase money, which became due and payable on the 25th day of December, 1872. On the 28th day of February, 1873, the purchase money being then due and unpaid, Durham borrowed $400 from the county of Howell, and to secure the payment thereof, executed to said county a mortgage on the land sued for. On the 12th day of March, 1873, the defendant being then in the possession of the land under his mortgage from Durham, with knowledge of the fact, as he himself testifies, that Durham had mortgaged the land to Howell county, accepted a conveyance of said land from Durham, in consideration of the sum of $1,200, which sum included the $400 due by Durham to Howell county, and on the same day entered satisfaction of his mortgage from Durham. The plaintiffs claim title through a deed to them from the sheriff of Howell county, dated the 7th day of May, 1877, purporting to be made by said sheriff in execution of a power to sell and convey, conferred upon him by the mortgage to Howell county, in case of default in the payment of the money secured thereby. An order of the county court, to the sheriff, to foreclose said mortgage, appears in the record, but the date on which it was made does not appear. The deed of the sheriff fails to recite that a cer-

tified copy of said order was ever delivered to him as required by law, nor is it recited in said deed that the sale by the sheriff was made in pursuance of such order. The deed from the sheriff is, therefore, insufficient to pass title to the plaintiffs, and should not have been admitted in evidence against the objections of the defendant. *Wilhite v. Wilhite*, 53 Mo. 71; *Warner v. Sharp*, 53 Mo. 598. If the sale by the sheriff was in fact duly made in pursuance of an order of the county court, the plaintiffs may yet obtain a deed from the sheriff executed in proper form and containing the necessary recitals. If the sale was made without proper authority, the defendant may, of course, discharge the mortgage to the county, by the payment of the debt and interest secured thereby, for which, on the facts disclosed in this record, he is unquestionably bound. The judgment will be reversed and the cause remanded. The other judges concur.