DAVIS, *Appellant*, v. KLINE.

1. **Partnership:** JUDGMENT. A judgment in favor of a firm is not void because entered in the name of the firm instead of the individuals composing the firm.

2. **Sheriff's Deed:** MUST FOLLOW THE EXECUTION. If a sheriff's deed conforms to the execution, in reciting the names of the parties and the dates and amounts of the judgment, it is sufficient in that particular, and if there is a variance between the execution and judgment, and the variance is such as to make the execution erroneous only and not void, the deed will pass the. title of the execution debtor.

3. ———: VARIANCES AS TO NAMES. Certain variances between the execution and the judgment in respect to the names of parties; *Held*, not to make the execution void.

4. ———: VARIANCES AS TO DATES. Two executions and a sheriff s

deed thereon recited judgments of the year 1875, while the judgment rolls showed that they were rendered in 1876. There being other evidence to show that the executions were in fact issued on these judgments; *Held*, that this variance was but a clerical misprision and would not invalidate the execution.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*M. A. Fyke* and *Land & Sparks* for appellant.

*B. G. Boone* for respondent.

HOUGH, J.—This is a suit to set aside a conveyance of real estate made by the defendant Kline, and alleged to be in fraud of creditors. The plaintiff is a purchaser at execution sale, under two judgments against said Kline. The questions presented for determination arise upon the sheriff's deed to the plaintiff. The deed recites that on the 17th day of February, 1875, judgment was rendered against Kline, in favor of Brockmeyer & Rankin, for the sum of $179.75, and that on the 24th day of February, 1875, another judgment was rendered against Kline, in favor of Ossing & Harig, for the sum of $200, and that upon said judgments executions were issued in favor of the parties recovering the same on the 6th day of March, 1876, under which the property in question was sold to the plaintiff in this suit. The plaintiff offered in evidence in support of the deed, a transcript of a judgment in favor of Brookmire & Rankin, rendered on the 17th day of February, 1876, and an execution issued on the 6th day of March, 1876, which recites a judgment in favor of Brookmire & Rankin, and against Kline, rendered on the 17th day of February, 1875. Plaintiff also offered in evidence the transcript of a judgment in favor of Ossig & Herig, rendered on the 24th day of February, 1876, and an execution issued March 6th, 1876, which recites a judgment in favor of Ossig & Herig, and against Kline, rendered on

the 24th day of February, 1875. The circuit court held the deed to be invalid, and the plaintiff has appealed.

It is contended for the defendant that both of the judgments recited in the deed are void, for the reason that each was rendered in the firm name, and not in the names of the individuals composing the firm, and that the deed, therefore, conveys no title. It was expressly decided in *Fowler & Wild v. Williams*, 62 Mo. 403, that judgments rendered in favor of a firm, by the firm name, are not void. This decision seems to have been overlooked by counsel.

It is also contended for the defendant, that the deed is invalid, because it fails to correctly recite the dates of the judgments. In *Wilhite v. Wilhite*, 53 Mo. 71, it was held that the essential recitals required by the statute are " the names of the parties to the execution, the date when issued. the date of the judgment, the description of the property, and the time, place and manner of· sale." It will be seen that the deed recites the names of the parties to the executions· with sufficient accuracy, the substitution in the deed of the name " Brockmeyer " for " Brookmire " not being a material variance, and it also correctly states the dates when the executions were issued. The deed also recites the dates of the judgments as recited in the execution, and the amounts thereof; but, as has been seen, the dates of the judgments as recited in the executions, do not conform to the dates of the judgments as shown by the judgment roll.

We are of opinion that the deed properly followed the recitals in the execution, and what was said in *Wilhite v. Wilhite, supra*, must be read in connection with the statute, in order to be properly construed. Section 2392 of the Revised Statutes, which has been in force since the revision of 1835, provides that: " The officer who shall sell any real estate, or lease of lands and tenements for more than three years, shall make to the purchaser a deed, to be paid for by the purchaser, reciting the names of the parties to the execution, the date when issued, the date of the judg-

ment, order or decree, and other particulars, as recited in the execution; also a description of the property, the time, place and manner of the sale; which recital shall be received as evidence of the facts therein stated." The officer making sale of property under execution is not furnished with a copy of the judgment and is not required to inspect the judgment roll, in order to ascertain whether the recitals in the execution as to the names of the parties and the date and amount of the judgment are correct. That is the duty of the clerk when he issues the execution. As the officer making the sale has only the execution under which he acts, before him, when he comes to make a deed for property sold in pursuance of such execution, the statute very properly requires him to recite the names of the parties to the execution and the date and amount of the judgment, as recited in the execution. If the deed conforms to the execution, it is sufficient in that particular, and if there should be a variance between the execution and the judgment, and the variance is such as to make the execution erroneous only and not void, the deed will pass the title of the execution debtor.

It is not denied in this case, that the executions recited in the deed, were in fact issued on the judgments offered in evidence. Indeed, a part of the brief of the respondent proceeds upon the theory that they were. In such cases, the courts have generally disregarded variances not only in the names of the parties, but also in the date and the amount of the judgments. *Ellis v. Jones*, 51 Mo. 180; Freeman on Executions, § 43, and cases cited in notes 2, 3 and 4.

Here the amounts of the judgments and the title of the court by which they were rendered are correctly stated in the executions; the months and the days thereof, on which the judgments were rendered, are correctly stated, but the year is not, and there is a marked variance between the names of the plaintiffs in one of the executions, and the names of the plaintiffs in the judgment under which

it was issued. We should hesitate to hold that this variance would render the execution void.

The mistake as to the year in which the judgments were rendered, is clearly a clerical misprision, and as the executions are otherwise connected with the judgments offered in evidence, this mistake will not invalidate them. *Stewart v. Severance,* 43 Mo. 322.

We are of opinion that the executions were amendable, and, therefore, not void.

As the circuit court erred in holding the deed in question to be invalid, its judgment will be reversed and the cause remanded. The other judges concur, except NORTON, J., who is absent.