LEWIS v. MORROW, *Appellant.*

1. **Sheriff's Deed** : RECITALS. A sheriff's deed will not be held invalid for failure to recite the exact day of the term at which the judgment or decree was rendered, where the entire record of the suit which culminated in the judgment is put in evidence, from which the exact date of the judgment appears with certainty.

2. ———: VARIANCE. There is no substantial variance in this case between the judgment or decree and the order of sale delivered by the clerk to the sheriff.

3. **Jurisdiction** : JUDGMENT : COLLATERAL ATTACK. Where a court has jurisdiction, but in the exercise of it renders a wrong or erroneous judgment, such judgment is not void, nor is it, or the title acquired by a purchaser under it, subject to collateral attack by the party against whom it is rendered.

*Appeal from Buchanan Circuit Court,*—HON. JOS. P. GRUBB, Judge.

AFFIRMED.

*Allen H. Vories* for appellant.

(1) The execution recites the decree as of date of October 1, 1881, whereas the decree itself was not rendered until January 26, 1882. The execution also commanded the sheriff to make any balance not paid by the lands out of the goods, chattels and real estate of Thomas N. Morrow, whilst there is nothing in the decree ordering anything to be collected from Thomas N. Morrow. The execution being based on the decree must recite it properly and the failure so to do was a fatal variance. It did not conform to the decree. *Tanner v. Stine*, 18 Mo. 580 ; *Crittenden v. Leitsendorfer*, 35 Mo. 239 ; *Stewart v. Severance*, 43 Mo. 323. (2) The deed offered in evidence did not conform to Revised Statutes, section 2393, and neither followed the execution nor the

decree as recited in the execution, nor decree giving no date of judgment, except at September term, 1881, and January term, 1882, which was a fatal variance, and the deed offered should have been excluded. *Tanner v. Stine,* 18 Mo. 580 ; *Stewart v. Severance,* 43 Mo. 323 ; *Carpenter v. King,* 42 Mo. 219 ; *Foulk v. Collum,* 48 Mo. 225 ; *Graner v. Smith,* 49 Mo. 318 ; *Wilhite v. Wilhite,* 53 Mo. 71 ; *Wack v. Stevenson,* 54 Mo. 481 ; *Julien v. Boven,* 55 Mo. 110 ; *Allen v. Sales,* 56 Mo. 28. (3) The execution did not correctly recite the decree as to collecting balance from Thomas N. Morrow, nor did the deed follow the execution in the recital. (4) The execution recites a judgment October 1, 1881. The deed recites a judgment at the September term, 1881. Reciting the term of court is not reciting the day when the judgment was rendered, which recital the deed must contain—the date of the judgment, not the term at which it was rendered.

*T. H. Parrish* for respondent.

(1) The recital in the deed from the sheriff to the plaintiff, that the decree under which the land was sold was rendered at the September term and subsequently re-entered at the January term of the court, etc., is sufficiently specific as to date of the rendition of the judgment, and such deed passed the title to the plaintiff. *Henry v. McKerlie,* 78 Mo. 416-32 ; *Ellis v. Jones,* 51 Mo. 180 ; *Wilhite v. Wilhite,* 53 Mo. 71 ; *Moore v. Wingate,* 53 Mo. 398 ; *Warner v. Sharp,* 53 Mo. 598 ; *Davis v. Kline,* 76 Mo. 311. (2) The recitals required by the statute to be made, are for the purpose of showing the existence of a valid judgment, execution, etc., which are made *prima facie* evidence of the facts recited. But a failure to make the recitals in the deed does not render it void, and the record may be introduced in evidence to show the existence of the facts required to be recited.

Therefore, if the failure of the deed in this case to recite the day of the term, etc., as well as the term at which the decree was rendered, was irregular, it would be cured by the decree, order of sale and the report thereof, and approval of same by the court, all of which was read in evidence in this case. *Moore v. Wingate*, 53 Mo. 398; *Warner v. Sharp*, 53 Mo. 598; *Foulk v. Collum*, 48 Mo. 225; *Stewart v. Severance*, 43 Mo. 322–30.

NORTON, J.—This suit in ejectment was begun in the Atchison county circuit court to recover the possession of certain land in the petition described. The cause was by change of venue transferred to the circuit court of Buchanan county, where, upon a trial, judgment was rendered for plaintiff, from which defendant has appealed to this court.

The material question decisive of the case is whether the sheriff's deed put in evidence by plaintiff is valid or void. This deed is as follows:

"Know all men by these presents. That, whereas, a judgment and decree was made by the circuit court of Atchison county, Missouri, at the regular September term thereof, A. D. 1881, and subsequently re-entered of record by a *nunc pro tunc* entry at the January term of said court, A. D. 1882, in a certain cause wherein Charles H. Anderson and Aaron McCoy Anderson were plaintiffs, and Thomas N. Morrow, John M. Morrow, Samuel B. Morrow and Timothy Whalen were defendants, in which, among other things, it was ordered and adjudged that plaintiff recover of the defendant, Thos. N. Morrow, the sum of sixteen hundred dollars and costs of suit, and that the lands hereinafter described be sold to satisfy such judgment and costs; and, whereas an order of sale was, on the thirty-first day of March, A. D. 1882, issued out of the office of the clerk of said circuit court, in said cause, directed to the sheriff of said Atchison county, Missouri, authorizing and requiring the sale of the lands

described in said judgment and decree, viz.: The south half of the southeast quarter of section 26, township 66, range 42, and the east half of lot 1 of the northwest quarter of section 2, township 65, range 42, in said Atchison county, which was to me delivered ; and, whereas by virtue of said judgment and decree and order of sale, I did levy upon the lands aforesaid, and after having, given twenty days notice of the terms, time and place of sale and of the property to be sold, by advertisement published in the Sun, a newspaper printed in the town of Rock Port, in said county, I did, between the hours of nine o'clock in the forenoon and four o'clock in the afternoon, on the twenty-third day of May, 1882, at the door of the Christian church, in said town, the same being used as the court house, in said county, and while said circuit court was in session, expose said lands for sale at public vendue to the highest and best bidder, for cash in hand, and John P. Lewis being the highest and best bidder for the east half of lot number 1 of the northwest quarter of section 2, township 65, range 42, aforesaid, at and for the price and sum of four hundred dollars, the same was struck off and sold to him for that sum ; and, whereas, at the same term of said court I made report of the sale made by me in said case to said court, which was by the court duly approved. Now, therefore, in consideration of the premises and of said sum of four hundred dollars to me in hand paid, the receipt of which is acknowledged, I do, by these presents, grant, sell and convey to said John P. Lewis the lands so purchased by him, to have and to hold, to himself, his heirs and assigns forever.

"Witness my hand and seal this thirty-first day of May, 1882.

"[SIGNED.] JAMES B. GRAY, Sheriff."

It is insisted by counsel that, although the deed recites the term of court where the judgment was rendered,

the names of the parties, the amount of the judgment, the description of lands adjudged to be sold to pay it, the order of sale and its date, the approval by the court of the report of the sale made in deed, that the deed is nevertheless void because the exact day of the term of court at which the judgment or decree was rendered is not stated.

The entire record of the suit which culminated in the decree or judgment mentioned in the deed was put in evidence, from which it appears that the decree was rendered on the first day of October, 1881, which was a part of the regular September term, 1881, of said court. On these facts, by authority of the cases of *Ellis v. Jones*, 51 Mo. 180; *Davis v. Kline*, 76 Mo. 310; *Warner v. Sharp*, 53 Mo. 598, we must hold that the objection made to the validity of the deed is not well taken. In the case last cited the deed recited that, "At an adjourned term it was ordered that the sheriff sell to the highest bidder at the court house door, * * * during the sitting of the circuit court, all the right, title of Josiah Whiteside," etc. This was held to be a sufficient recital of the date of the judgment or order, on the principle that, "that is sufficiently certain which can be reduced to a certainty."

The case of *Tanner v. Stine*, 18 Mo. 580, cited by appellant's counsel to sustain his contention, is wholly unlike the one at bar. In that case the recital was that "at the court house door in the city of St. Louis, during the —— term of the —— court of —— for the year eighteen hundred and forty ——, be exposed to sale," etc. This deed was held to be invalid on the distinct ground that the statute required the sale to be made during the term of the circuit court, whereas the recital not only wholly omitted to state that the sale was made during the term of the circuit court, but also omitted to state the term of court at which the sale was made and the year in which it was made.

The case of *Crittenden v. Lietsendorfer*, 35 Mo. 239, also relied on by appellant, is virtually overruled by that of *Wilhite v. Wilhite*, 53 Mo. 71, where it is held that a sheriff's deed which recited that the judgment was against E. M. Chambers and Thomas Yates for the sum of three hundred dollars and fifty cents, when the fact was, as shown by the record, that the judgment was only against Chambers, and for the sum of three hundred and fifty dollars, was valid notwithstanding such variance. There is no substantial variance between the order of sale delivered by the clerk to the sheriff and the decree. The decree authorized and directed the sale of the land set forth in the deed, the first tract described in the deed to be subjected to sale for the payment of eight hundred dollars of the judgment, and the second tract described in the deed to be subjected to sale for the like sum of eight hundred dollars, the said two sums being equal to sixteen hundred dollars, the amount of the judgment as recited in the deed. Such a variance as this between the judgment and decree and execution or order of sale, if it can be said to be a variance, does not, according to the authorities hereinbefore cited, render either the execution or sale made under it void. See also *Moore v. Wingate*, 53 Mo. 398; *Stewart v. Severance*, 43 Mo. 322.

It is also insisted by counsel that the pleadings in the case which culminated in the judgment or decree under which plaintiff purchased the land in question did not warrant the judgment. It appears from the record of that suit that the court had jurisdiction both of the subject matter of it and the parties to it, the defendant in this suit being one of them who appeared and filed answer. If the court thus having jurisdiction, in exercising it, rendered a wrong or erroneous judgment, such judgment, under the ruling of this court in the case of *Gray v. Bowles*, 74 Mo. 419, is not void, nor is it, or the title

acquired by a purchaser under it, subject to collateral attack by the party against whom it is rendered.

From the whole record the judgment is clearly for the right party, and it is hereby affirmed with the concurrence of the other judges.