HALL *et al.* v. KLEPZIG *et al.*

99　83
77a 515

1.  **Foreclosure of Mortgage:** PARTIES. The administrator of a deceased mortgagor is the only necessary party to a suit of foreclosure, and a decree against him deprives the heirs of the mortgagor of the right of redemption.

2.  **Equity:** SHERIFF'S DEED. A court of equity cannot aid the imperfect execution of a sheriff's deed.

3.  **Sheriff's Deed:** FAILURE TO SHOW SPECIAL JUDGMENT: EVIDENCE. Where a sheriff's deed, under a foreclosure decree, does not show the judgment and execution were special ones, yet such facts may be shown by the production of the record, and, if the latter be destroyed, by secondary evidence.

*Cross-Appeal from Shannon Circuit Court.*—HON. JOHN R. WOODSIDE, Judge.

REVERSED AND REMANDED.

*James Orchard* and *A. H. Livingston* for plaintiffs.

(1) The circuit court properly held that the sheriff's deed to S. I. K. Barksdale and John M. Daugherty was void. Said deed was executed on a general judgment against, and sale of the property of, a deceased person, and is, therefore, void. R. S. 1879, sec. 2360; *Hardin v. McCanse*, 53 Mo. 255; *Wernecke v. Wood*, 58 Mo. 352; *Brown v. Woody, Adm'r*, 64 Mo. 547; *Wernecke v. Kenyans, Adm'r*, 66 Mo. 275. (2) The defendants sought to establish the fact that the sheriff's deed to Barksdale and Daugherty was based on a judgment foreclosing a mortgage, executed by Jasper McCormack to Elizabeth McCormack, and by her assigned to S. I. K. Barksdale. All the evidence on this point was irrelevant and improper, because the defendants were bound by the recitals in such deed, and estopped from disputing the same. *Durette v. Briggs*, 47 Mo. 356;

*Jaeckel v. Eastan*, 11 Mo. 118; *Dickson v. Anderson*, 9 Mo. 156; *Clamorgan v. Greene*, 32 Mo. 285; *Hasenritter v. Kirchhoffer*, 79 Mo. 239; *Tydings v. Pitcher*, 82 Mo. 379. (3) The defendants seek to reform the sheriff's deed to Barksdale and Daugherty, claiming that it was executed under a judgment foreclosing a mortgage, when, in fact, it shows, upon its face, that it was executed upon a general judgment against a deceased person. This a court of equity cannot do. An imperfect or incomplete execution of a statutory power is no ground for the interference of a court of equity. *Moreau v. Detchmendy*, 18 Mo. 522; *Moreau v. Branham*, 27 Mo. 351; *Allen v. Moss*, 27 Mo. 354; *Hubble v. Vaughan*, 42 Mo. 138; *Abernathy v. Dennis*, 49 Mo. 468. (4) The main point in this case, as we understand is, is that the circuit court improperly allowed the defendants compensation for improvements. Defendants in ejectment can obtain compensation for improvements only in the manner provided by the Revised Statutes of 1879, sections 2259 and 2260. *Henderson v. Langley*, 76 Mo. 226; *McClanahan v. Smith*, 76 Mo. 428; *Jasper County v. Wadlow*, 82 Mo. 172.

*E. A. Seay* and *L. B. Woodside* for defendants.

(1) The suit to foreclose the mortgage given by Jasper McCormack to Elizabeth McCormack, and assigned by her to Barksdale, was properly instituted against the administrator, and it was not necessary to make the heir a party. R. S. 1879, sec. 3301; G. S. 1865, p. 618, secs. 4 and 5; *Riley's Adm'r v. McCord's Adm'r*, 24 Mo. 265; s. c., 21 Mo. 285. (2) The rule is well established that, where the defendant is in possession under a void sale, and the money paid by him at such sale went to discharge a lien upon the real estate, which affected plaintiff's interest therein, this would create an equity in favor of defendants for the reimbursement of the money, so paid by him, and also for

improvements made on the land. *Henderson v. Langley*, 76 Mo. 227. (3) The court erred in the allowance of rent.

BLACK, J.—The plaintiffs, who are husband and wife, prosecuted this action of ejectment to recover, in the right of the wife, five-elevenths of two hundred and twenty acres of land in Shannon county.

James McCormack died in 1858, the owner of, and in possession of, the entire tract. He left a widow, Elizabeth McCormack, and eleven children. Jasper McCormack, who was one of the heirs, acquired by purchase the interest of four of the children, thus giving him five-elevenths of the estate. These purchases were made about the year 1860. He died in possession of the land in 1863, leaving the plaintiff, Missouri A. Hall, as his sole heir.

In 1867, S. I. K. Barksdale and John M. Daugherty acquired, by purchase, the interest of the other six heirs of James McCormack, and they claim to have acquired the five-elevenths owned by Jasper McCormack in the manner hereafter stated. In 1881, they conveyed the entire tract to the defendant, Klepzig. John M. Daugherty and the heirs of Barksdale were made defendants to this suit on their own motion.

Besides a general denial, the defendants, for a further answer, allege that, in 1860, Jasper McCormack purchased the dower interest of Elizabeth McCormack, and, in consideration therefor, gave her his note for two hundred dollars, secured by a mortgage on his undivided five-elevenths of the land; that, in 1867, and after the death of Jasper McCormack, Barksdale purchased the note and mortgage, and caused the mortgage to be foreclosed in the Shannon county circuit court, by a judgment of foreclosure rendered on November 10, 1868, in a suit against the administrator of the estate of Jasper McCormack; that the mortgaged

property' was sold under that judgment and John M. Daugherty and S. I. K. Barksdale became the purchasers. The answer goes on to aver that, by mistake, the sheriff failed to recite in the deed to them the facts that the judgment was special and against the land, and that the execution was a special *fieri facias*, that Barksdale and Daugherty, believing that they had good title, made improvements on the land to the value of six thousand dollars, or more, in fencing, clearing and in the erection of buildings, including a grist and saw mill and a carding machine. They pray that the sheriff's deed be reformed, and for other relief. These matters specially pleaded were put in issue by a reply.

All of the issues were tried by the court without a jury, and the court made a finding of facts, which, in substance, is that plaintiffs were the owners of the five-elevenths of the land, that the defendant Klepzig, as grantee of Daugherty and Barksdale, was in possession, holding under a sheriff's deed made under a judgment in the circuit court of Shannon county in favor of Barksdale, and against the administrator of Jasper McCormack; that Barksdale and Daugherty, in the purchase of the note and mortgage from Elizabeth McCormack, and in the discharge of a demand allowed against the estate of Jasper McCormack in favor of J. R. Hill, paid out, including interest to date of trial, fifteen hundred and twenty-three dollars. To this is added five-elevenths of the estimated value of improvements, and taxes paid, making twenty-seven hundred and twenty-one dollars. And it is adjudged that, upon the payment of that amount within a designated time, plaintiffs shall have possession, and, if that amount be not paid, defendants shall have execution therefor against the plaintiffs' five-elevenths of the land. Both parties appealed.

1. Under our statute, and a long line of adjudications thereunder, the administrator of the mortgagor is the

only necessary party to a suit of foreclosure, and a foreclosure against the administrator cuts off the right of redemption of the heirs of the mortgagor. G. S. 1865, sec. 4, p. 618; *Tierney v. Spiva*, 97 Mo. 98, and cas. cit.

2. It has been held, where a sheriff's deed is not sealed, that a court of equity cannot, by its decree, aid the imperfect execution; courts of equity cannot carry into effect by their decrees the incomplete execution of statutory powers. *Moreau v. Detchemendy*, 18 Mo. 522; *Moreau v. Branham*, 27 Mo. 351; *Wannall v. Kem*, 51 Mo. 150; *Ware v. Johnson*, 55 Mo. 500. The court did not, therefore, err in refusing to correct the sheriff's deed, by making the recitals conform to the judgment and execution, even if the mistake was satisfactorily shown.

3. The note and mortgage from Jasper McCormack to Elizabeth McCormack, and the record of the mortgage, and the record of the judgment and the execution issued thereon, was destroyed by fire on December 31, 1871, at which date the Shannon county court house was burned ; so that the proof in respect of the contents of the mortgage, judgment and execution rests on parol evidence. There is no dispute in the evidence as to the fact that Jasper McCormack purchased the dower interest of Elizabeth McCormack in 1860, and that he, at that time, executed to her his note and mortgage, but the evidence is conflicting as to whether the mortgage covered the five-elevenths interest owned by Jasper, or simply the dower interest which he acquired from Elizabeth. On this point the finding of the circuit court is not explicit, but it would seem the court must have found that the mortgage covered the five-elevenths interest of Jasper McCormack, and the weight of the evidence seems to be decidedly in favor of the position that the mortgage did cover his entire interest in the land. This being the fact, there can be no doubt but the suit by Barksdale against the administrator of

Jasper McCormack was a suit to foreclose the mortgage, and that the judgment rendered was one of foreclosure, and that the execution was a special *fieri facias*. The defendant Daugherty was clerk of the circuit court of Shannon county at the time the judgment was rendered and execution issued, and he testified to these facts in clear and distinct terms ; and as to the character of the judgment and execution his evidence is not contradicted. The fact will therefore be taken as established that the judgment was one of foreclosure, and that the execution was special and followed the judgment. The sheriff's deed to Barksdale and Daugherty contains these recitals : "Whereas, on the tenth day of November, one thousand eight hundred and sixty-eight, judgment was rendered in the circuit court of the county of Shannon in favor of S. I. K. Barksdale, and against Joseph C. M. Smith, administrator of Jasper McCormack, deceased, for the sum of $354.26 for debt, upon which judgment an execution issued from the clerk's office of said county, in favor of the said S. I. K. Barksdale, and against the said J. C. M. Smith, administrator of the estate of Jasper McCormack, dated the twenty-third day of November, directed to the sheriff of the county, and the same was to me delivered on the twenty-third day of November, 1868, by virtue of which said execution, I, the said sheriff, did, on the twenty-fourth day of November, 1868, levy upon and seize all the right, title, interest and estate of the said Jasper McCormack of, in and to the following described real estate situated in my said county, to-wit."

The plaintiffs insist that the recitals in this deed show a general judgment against an administrator of a deceased person, and that the defendants are estopped from disputing these recitals. Reading the deed alone, it must be construed as founded upon a general judgment, and such a judgment should be classified by the probate court, and the subsequent proceedings had in

accordance with the administration law. The real question here is, whether this deed can be read in the light of the judgment and special execution issued thereon. By the statute the officer who sells any real estate shall make to the purchaser a deed "reciting the names of the parties to the execution, the date when issued, the date of the judgment, order or decree, and other particulars, as recited in the execution, * * * which recitals shall be received as evidence of the facts therein stated." This statute applies in case of sales under special executions. *Faulk v. Colburn*, 48 Mo. 228; *Lewis v. Curry*, 74 Mo. 52. It was said in *Wilhite v. Wilhite*, 53 Mo. 74: "The enumerated provisions of the statute, which would seem to be essential recitals, are the names of the parties to the execution, the date when issued, the date of the judgment, the description of the property, and the time, place and manner of sale. These inform everybody of everything necessary to be known, and all else may be regarded as simply directory." And it has been held sufficient, if the recitals in the deed conform to the execution, though there may be a variance between it and the judgment. *Davis v. Kline*, 96 Mo. 401.

In *Faulk v. Colburn*, 48 Mo. 228, the deed did not state when the levy of the attachment was made. It was held the failure to make a recital, as to when the levy was made, did not vitiate the deed, and that the writ of attachment and levy could be received in evidence to aid the deed, and to show that it related back to the date of the levy of the attachment. So in *Lewis v. Morrow*, 89 Mo. 174, the deed did not show on what day of the term of the court the judgment was rendered, but the record was put in evidence, and from that the exact date of the judgment did appear, and it was held the objection to the deed was not well taken.

In the present case, the deed contains all the essential recitals required by the statute. The names of the parties to the execution, the date when issued, the date

and amount of the judgment, are given.   The judgment and execution, by authority of which the sale was made, are accurately identified.   Though the deed does not show that the judgment and execution were special, still these facts may be shown by the production of the record, and, if destroyed, by secondary evidence.   We do not question the doctrine that a party is bound by the recitals in the deed, under which he claims, but it has no application to the present case.   The deed refers to the judgment and execution, and they are thereby made a part of the deed, and, since the deed contains all of the essential recitals required by the statute, the record may be introduced to sustain, as well as to overthrow, the deed.

It follows, from what has been said, that if the mortgage from Jasper McCormack to Elizabeth McCormack covered Jasper's entire interest in the land, and the judgment in favor of Barksdale against the administrator was one of foreclosure, then the defendants have a perfect title, and the judgment should be for defendants.   These questions of facts might, and should, have been tried under the general issue.   Involved in them is a question of law only, and not of equity. The life estate of Elizabeth McCormack expired by her death, before the commencement of this suit, and, if the mortgage from Jasper only undertook to convey the estate which he acquired from her, then we do not see how the defendants can be allowed for improvements in this suit.   The remedy, if any they have at all, is under the occupying-claimant's law.   If the mortgage covered the entire interest of Jasper McCormack, and the foreclosure and sale should prove to be worthless, so that Barksdale and Daugherty would be treated as mortgagees in possession, then questions as to improvements would arise about which we need express no opinion, in view of the conclusion reached as to the validity of the sheriff's deed.

The judgment is reversed, and the cause remanded for new trial. Since both parties have appealed, and, in view of the conclusion reached, we are of the opinion the costs of this appeal should be taxed the one-half to plaintiff below, and the one-half to the defendants, and it is so ordered. RAY, C. J., absent. The other judges concur.