RILEY'S ADMINISTRATOR, Plaintiff in Error, vs. McCORD'S ADMINISTRATOR, Defendant in Error.

| 21 | 285 |
|----|-----|
| 97 | 101 |

| 21 | 285 |
|-----|-----|
| 107 | 401 |

1. The lien of a mortgage is not merged in a judgment obtained in a proceeding under the statute to foreclose.

2. After the death of the mortgagor or mortgagee, before or after judgment of foreclosure, the proceeding may, under the statute, be continued in the name of the personal representative, without the heir.

### Error to Callaway Circuit Court.

*Scire facias* sued out by the administrator of the mortgagee in 1854, to revive a judgment of foreclosure rendered in 1848, and to compel the administrator of the mortgagor to show cause why the mortgaged land should not be sold to satisfy the judgment.

The *scire facias* recited that both the mortgagor and mortgagee had died since the rendition of the judgment, and that the mortgagor had parted with all his interest in the land before his death. The writ was demurred to, and two causes of demurrer assigned, 1st, that the heirs of the mortgagor and mortgagee were not made parties, and 2d, that the lien of the judgment had expired, and could not be revived against the personal representative. The Circuit Court sustained the demurrer.

*Morrow, Jones* and *H. C. Hayden*, for plaintiff in error. 1. The personal representatives were the proper parties. (4th, 8th and 17th sections of the act concerning "Mortgages," R. C. 1845.) 2. The demurrer cannot be sustained on the ground that the lien of the judgment had expired. The mortgage passed an interest in the land. It still remained a specific lien, and could only be discharged by a payment or release. (31 Maine Rep. 246. 3 Penn. 368. 4 Wharton, 410. 3 Marshall, 621. 3 Littell, 50, 51. 1 Alabama, (N. S.) 23. 3 A. K. Marsh. 618. 12 Mass. 379.) The only way in which the mortgage could be enforced was by a judgment of foreclosure, and it is a solecism in law to say that the very remedy provided for the enforcement of a right operates to decrease, divest or extinguish it. Even if this had been a proceeding to revive a general judgment lien, the time had not expired. (R. C. 1845, tit. Judgments and Decrees, § 7.)

*Hardin* and *Gardenhire*, for defendant in error. 1. The administrators were not the proper parties. (R. C. 1845, tit. Judgments and Decrees, § 13, 14; tit. Mortgages, § 10, 11, 13. Practice act of 1849, art. 3, § 1, 7.) If the mortgagor was divested of all interest in the land in his lifetime, those who acquired his interest should have been made parties. 2. The *scire facias* was sued out after the lien of the judgment had expired. By the statute, the lien continues three years. A *scire facias* may be sued out within ten years, and not afterwards. But the lien must be kept alive, and if it is allowed to expire, no *scire facias* can afterwards be sued out, or if it

can, can only have the effect to create a new lien and not to continue the old one. 3. The lien of the mortgage was merged in the judgment of foreclosure. (1 Barb. Sup. Ct. Rep. 379, 388.)

SCOTT, Judge, delivered the opinion of the court.

1. The question in this case is, whether the lien of a mortgage is merged in a judgment obtained in a proceeding under the statute to foreclose the mortgage. If the lien of the mortgage is extinguished by the judgment, the mortgagee is in a dangerous situation, such a one as would induce many mortgagees to forego the remedy provided by the statute; for the mortgage lien being extinguished by the lien of the judgment, obtained in the suit for a foreclosure, and the lien of the judgment taking effect from its rendition, if judgments should have been previously rendered against the mortgagor in favor of others, though subsequent in date to the mortgage, those subsequent judgment creditors would obtain a preference over a prior mortgage, though duly recorded. So proceedings for a foreclosure, under the statute, may be begun where any part of the mortgaged premises are situated. Mortgaged lands may be in several counties. The lien of a judgment is only operative in the county in which it is rendered, so that, in such cases, the mortgage lien will be destroyed. It is the just expectation of the creditor that, when he takes a mortgage, he has a security which lasts until the mortgage debt is paid. This is a reasonable expectation, and it should not be defeated, unless the law plainly requires it. The statute concerning mortgages was designed within itself to afford the mortgagee the means of enforcing the payment of his debt. There is no reason why the mortgagee, in resorting to the statutory remedy, should have his security, if not entirely extinguished, at least very much impaired. We should be loth to adopt such a construction, was there nothing but the general laws concerning judgments and administrations. But the legislature, it seems to us, never contemplated that the security of the mortgagee

should be lost to him by a resort to the statutory mode of foreclosure.

The 4th and 17th sections of the act concerning mortgages, show that the legislature intended that the proceedings to foreclose a mortgage should not be arrested by the death of the mortgagor. When a judgment is obtained, the enforcement of that judgment is not suspended, as in ordinary cases, by the death of the debtor. The last clause in the 17th section of the act shows this very plainly. The 4th, in allowing the proceedings to be begun against an administrator of the mortgagor or debtor, indicates that it was designed that the process should continue, uninfluenced by any of the provisions of the administration law. Why suffer proceedings to be commenced in that way, when no other result is to be produced than would have resulted from a mere allowance of the demand?

The process to foreclose the mortgage going on as though the mortgagor had not died, none of the provisions of the statute concerning the administration of estates, which restrain the issuing of an execution against property in the hands of an administrator, have any effect in such case. The mortgage being a lien, created by express contract between the parties, the law does not interfere and control it, as in case of liens created by a mere operation of its own. The case standing unaffected by the administration law, it must be viewed as though it was between the original parties to the mortgage. Assuming then, that three years had expired after the rendition of the judgment, in the proceedings to foreclose the mortgage, whatever effect such efflux of time might have had upon the mere lien of the judgment, if any such thing existed, if the lien of the mortgage continued until it was satisfied, as we have maintained, such efflux could not have affected such lien. Why should it? The mortgage was recorded. It was unsatisfied. No presumption of payment would arise until after the lapse of twenty years. The judgment itself, although by our statute it ceases to be a lien after three years, is not presumed to be satisfied until after the expiration of twenty years from

its rendition. Because a judgment has been rendered to foreclose a mortgage, why should the mortgagee be deprived of the security of the mortgage after three years, when the law only presumes the mortgage or lien of a judgment discharged after twenty years. The judgment on the proceedings for a foreclosure would have shown that it was founded on a recorded mortgage. It would have appeared that the judgment itself was unsatisfied. How, then, could any one have sustained any injury by reason of the want of notice?

Another view may be taken of this subject. A mortgage creates a lien. It is not a mere lien. It is something more. It is an estate in the land, conditional, it is true; but the condition is, that it shall endure until the debt is satisfied. Why should a judgment unsatisfied destroy this estate against the express stipulation of the parties?

The act concerning mortgages, sections 4 and 17, shows that the personal representative, meaning, the executor or administrator, is a sufficient party for all purposes under this statute.

Judgment reversed, and cause remanded, Judge Ryland concurring; Judge Leonard not sitting.