MILES, Plaintiff in Error, v. SMITH *et al.*, Defendants in Error.

1. The personal representative of a mortgagor is a necessary party to a suit to foreclose a mortgage.

### *Error to Marion Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Pratte* and *Redd*, for plaintiff in error. 1. The court erred in deciding that the personal representative was an indispensable party to this action. (Story's Eq. Pl. § 84, 175, 186, 196, ; 2 Atkins, 336; Edwards on Parties, 91, 92; 3 P. Wms, 333, note *a.*)

*Vansweringen*, for defendants in error.

RYLAND, Judge, delivered the opinion of the court.

This is a petition brought by the assignee of a mortgage against the heirs and widow of the mortgagor, praying judgment for the debt, that the equity of redemption be foreclosed, and that the mortgaged land be sold in the manner provided for by the statute of the state.

Ezra S. Ely sold the land to Smith, who afterwards died. Ely took from Smith the mortgage for the unpaid purchase money, which was secured also by the notes of Smith. Ely assigned the mortgage debt to Carswell and McClelland, and they assigned it to plaintiff.

The defendants rely upon the statute of limitations as a bar to the notes given for the debt, and upon an offset of money received by Ely to enter land for Smith, which Ely had author-

ity to lay out in land for said Smith. There was a trial by jury, and verdict and judgment for defendants. After verdict for defendants, plaintiff made a motion for new trial, which was overruled. The Circuit Court decided that the personal representatives of the mortgagor, Smith, were necessary parties, and as they had not been made parties, that court dismissed the suit without prejudice to the plaintiff. Under our system of law upon a proceeding to foreclose a mortgage of land, the personal representatives of the mortgagor ought to be made parties to the proceedings.

Upon this ground alone the judgment below must be affirmed, leaving the other matters in the case still to be decided between the parties in another suit, should one be brought; the other judges concurring.