PERKINS, Plaintiff in Error, v. WOODS *et al.*, Defendants in Error.

1. In proceedings instituted under the revised code of 1845 to foreclose a
. mortgage, the administrator of the mortgagor was the only necessary party;
his heirs were not necessary parties.

*Error to Lincoln Circuit Court.*

*W. Porter*, for plaintiff in error.

I. The heir was a necessary party. The foreclosure in no way affected the right of the heir to redeem. The demurrer was improperly sustained. (7 Mo. 374; 1 Powell on Mortg. 282; 7 Cranch, 69; 2 Gallis. 371; 2 Mason, 181; 11 Wheat. 103; id. 304; 1 Stark. on Ev. 191; 2 N. H. 190; 1 Wheat. 6; 1 Munf. 373; 2 H. & Munf. 139; 14 Johns. 79; 4 Day, 431; 2 Sto. Eq. § 1026; 2 Hare, 237; 1 Black. Comm. 89, 90.) The present case can be distinguished from that of McCord's Adm'r v. Riley's Adm'r, 21 Mo. 285.

*S. T. & A. D. Glorer*, for defendants in error.

I. The heir of the mortgagor was not a necessary party. (1 Mo. 691; 16 Mo. 85; ·R. C. 1845, p. 750; Miles v. Smith, 22 Mo. 499; McCord's Adm'r v. Riley's Adm'r, 21 Mo. 285.)

NAPTON, Judge, delivered the opinion of the court.

This was a proceeding by the heir of a mortgagor to redeem the land mortgaged. A foreclosure had been obtained in a suit by the mortgagee against the administrator of the mortgagor; and the plaintiff, not having been a party to that proceeding, claims that her interest was not sold. A demurrer was filed and sustained, and the only question is whether

the heir is a necessary party to a foreclosure of a mortgage. The point was expressly decided in Riley's Adm'r v. McCord's Adm'r, 21 Mo. 285. Before the revised code of 1845, a mortgage could not be foreclosed without making the heirs of the mortgagor parties. The fourth section of the act of 1845 says that where the mortgagor is dead, his administrator shall be made a party. The seventeenth section says that the judgment in such event shall be for the debt and damages and costs, to be levied on the mortgaged property, and, if that is insufficient, it shall have the effect of a general judgment against the administrator. The object of the statute is to facilitate the foreclosure of mortgages in case of the death of either party, and the act can admit of no other construction than that, where the administrator is a party, the land mortgaged may be levied on under the judgment of foreclosure and sold. But if the law is to be held to have left it still essential to make the heir a party in order to affect his interest, the statute is only calculated to entrap purchasers; for as the administrator has no interest in the land, a sale of his interest amounts to nothing. If any thing in the way of substantial protection to the rights of minors could be gained by the restricted interpretation of the act contended for in this case, it would certainly afford good reason for hesitation in adhering to the construction which has already been adopted by the court and which the more obvious meaning of the statute appears to require. But we can see no ground for entertaining such an opinion. The administrator is more likely to be in possession of any information, which would produce a defence, than the heir. It is a mere question of the form of a proceeding, and if any other parties are declared necessary than those expressly stated by the statute, great inconveniences and much injustice may be expected, greater probably than would result from an adherence to the construction given years ago.

The judgment is affirmed; Judge Scott concurring. Judge Richardson not sitting, having been of counsel.