Tierney v. Spiva.

TIERNEY, *Appellant*, v. SPIVA.

1. **Execution**: ACT OF MARCH 23, 1863. An execution issued in 1864, directing the sale of property foreclosed under a mortgage, was, under section 2 of the act of March 23, 1863 (Acts 1862–3, p. 20), kept alive until a term of court was held at which the property could be sold, although there was no actual levy of the execution.

2. **Foreclosure of Mortgage**: HEIR NOT A NECESSARY PARTY. Under 2 Revised Statutes, 1855, page 1088, section 4, the grantee of the devisee of a deceased mortgagor is not a necessary party to a suit to foreclose the mortgage.

*Appeal from Mississippi Circuit Court.*—HON. J. D. FOSTER, Judge.

AFFIRMED.

*Smith, Silver & Brown, Wm. Carter* and *W. N. Nalle* for appellant.

The foreclosure proceeding was irregular and void

as to plaintiff since neither he nor his trustee Nalle were made a party thereto. *Stafford v. Fizer*, 82 Mo. 393; 20 Mo. 133; R. S. 1879, secs. 3297, 3308; 2 Jones on Mort. (3 Ed.) sec. 1394.

*J. E. F. Edwards* also for appellant.

The *fieri facias*, under which the property was sold on April 11, 1865, was issued February 10, 1864. Three terms of court intervened between date of *fi. fa.* and date of sale and the writ was, therefore, *functus officio*.

*Cahoon & Cahoon* for respondent.

(1) Suit to foreclose the mortgage was properly against the administrator, and neither heirs nor devisees were, on the death of Tierney, necessary parties, and appellant, therefore, now has no interest in this real estate. R. S. 1855, p. 1088, secs. 4–16; *Riley v. McCord*, 21 Mo. 285–288; *Riley v. McCord*, 24 Mo. 265; *Miles v. Smith*, 22 Mo. 502; *Perkins v. Woods*, 27 Mo. 547; *Hull v. Lyon*, 27 Mo. 571; *Thayer v. Campbell*, 9 Mo. 284–5; *Russell v. Mullanphy*, 4 Mo. 319; *Mullanphy v. Simpson*, 3 Mo. 392. (2) There being no circuit court from time the execution issued until the term of the sheriff who received it had expired, he properly held it until such expiration, and then turned it over to his successor, who sold at the first term of said court after the execution issued. All these things were proper. R. S. 1879, sec. 2389; G. S. 1865, p. 646, sec. 51; R. S. 1855, p. 748, sec. 54; Laws 1863, p. 20, secs. 1 to 3; *Stewart v. Severance*, 43 Mo. 322; *Groner v. Smith*, 49 Mo. 318.

BLACK, J.—This is a suit to redeem ninety acres of land, situate in Madison county, from a foreclosed mortgage. In 1858, Patrick Tierney and his wife Mary executed a mortgage on the land to secure a debt due D. M. Fox. Patrick died in 1861, leaving a will by

which he devised the land to his wife Mary, who, by her deed recorded in June, 1862, conveyed the property to W. N. Nalle in trust for the plaintiff, who is the son of Patrick and Mary Tierney. This deed is in consideration of love and affection, and the trust is to cease and the title become vested in plaintiff when he arrives at the age of twenty-one years. In 1863, Fox commenced a suit and recovered a judgment foreclosing the mortgage. Mary Tierney and Daniel Rhoades, administrator with the will annexed of Patrick Tierney, were the only defendants to this foreclosure suit. Thomas B. Grigsby purchased the land at a sale made under the foreclosure judgment, and thereafter conveyed it to the defendant.

1. It is contended by the plaintiff that the sheriff's sale to Grigsby is void, because three terms of court intervening between the date of the execution and the term of the court at which the property was sold, that the execution was *functus officio*. The execution was issued on the tenth of February, 1864, returnable to the April term, 1864, of the Madison circuit court. Sheriff Grigsby turned the execution over to Foster, his successor in office, in December, 1864; and Foster as sheriff sold the property on the thirteenth of April, 1865. It is agreed that no term of the Madison circuit court was held between the September term, 1863, and the April term, 1865; so that the sale took place at the first term of the court which was held after the execution was issued. As sheriff Grigsby had not executed the writ, when his term of office expired, it was his right and duty to turn it over to his successor, whose duty it was to proceed to execute the command thereof. R. S. 1855, p. 749, sec. 59. The second section of the act of March 23, 1863 (Acts of 1862-3, p. 20), kept the execution alive and in full force and effect until a term of court was held at which the property could be sold. *Stewart v. Severance*, 43 Mo. 322; *Groner v. Smith*, 49

Mo. 318. It is urged that that act does not apply to the present case because there was no actual levy of the execution. The execution is general and special, and so far as the land in suit is concerned no levy was required. The writ, following the judgment, directed the sale of the mortgaged property, and a levy would have been a useless ceremony. The last clause of the second section of the act of 1863 provides : " Said execution and the lien of said levy shall remain and continue in full force until a term of court is held in the county when said property can or may be sold." This act was passed because of the then disturbed condition of the country, and there can be no doubt but it applies to special as well as general executions. It is not only the lien of the levy, where a levy is required, which is preserved, but the execution itself is continued in full force and effect.

2. The plaintiff claims a further right to redeem from the fact that he and his trustee were not defendants to the foreclosure suit. In the absence of any statute on the subject, he should have been a party defendant, and if not, his right to redeem would not be foreclosed. But our statute of 1845 and 1855 enacts : " In case of the death of the mortgagee or his assignee, or of the mortgagor, whether before or after action brought, the personal representative of the deceased party shall be plaintiff or defendant, as the case may require." 2 R. S. 1855, p. 1088, sec. 4. Under these statutes it has been held that a foreclosure judgment may be revived against the administrator of the mortgagor. *Riley's Adm'r v. McCord's Adm'r*, 21 Mo. 285. The administrator of the mortgagor is a necessary party, and if the suit be brought against the widow and heirs alone, the petition should be dismissed. *Miles v. Smith*, 22 Mo. 502. In the case of *Perkins v. Woods*, 27 Mo. 547, there had been a judgment of foreclosure against the administrator of the mortgagor; the heir of the

mortgagor, not having been made a party, brought his suit to redeem. It was held that the heir was not a necessary party, and that his right to redeem was cut off by the foreclosure against the administrator. The administrator represents the rights of the heirs and devisees in a foreclosure suit, and if it is not necessary to make them defendants, then it must follow that it is not necessary to make their grantees defendants. The rule of the case last cited has become an established rule of property in this state, and is not to be questioned. Without this express ruling we could come to no other conclusion. It follows that the plaintiff has no right to redeem ; and it is therefore useless to consider the secondary question discussed in the briefs.

The judgment is affirmed. The other judges concur.