MARY C. BURROUGHS v. HOWELL COUNTY et al., Appellants.

Division One, March 17, 1904.

1. **SALE OF MORTGAGED PROPERTY: Amount to Be Paid by Administratrix: Excess.** The sheriff can not, in the foreclosure of a school fund mortgage, refuse to make a deed to the administratrix of the mortgagor if she is the highest bidder, until she pays the excess of her bid over the debt and costs, for in such case the excess is payable to her as the legal representative of the mortgagor's estate.

2. ———: ———: ———: **Creditor.** A creditor of an insolvent deceased mortgagor can not require that the excess of the bid at the foreclosure sale over the debt and the costs be paid him by the sheriff. The excess is to be paid to the legal representative of the mortgagor's estate, and is to be applied as the probate court may direct.

3. ———: ———: ———: ———: **Homestead.** The excess over the mortgage debt and costs derived from the sale of the homestead of a deceased mortgagor, in which the wife joined, can not be applied to the payment of the mortgagor's debts until the rights of the widow and children therein are satisfied. Their right to such excess is the same as their right to the homestead. And their right to that excess is to be determined, not by the sheriff or trustee who makes the sale, but by the probate court.

4. ———: ———: ———: ———: ———: **Widow's Right: Subrogation.** The widow is entitled to protect her homestead rights. against the mortgage on her deceased husband's homestead,. and to bid at the foreclosure sale under the mortgage, and if she has paid his debts out of her individual estate she is entitled to be subrogated out of the excess of her bid over the mortgage debt and costs, and her right to be so subrogated is superior to that of her husband's general creditors.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

AFFIRMED.

*H. D. Green* for appellants.

(1) If respondent was entitled to subrogation to the rights of Howell county, she could only hold the lands as a mortgagee in possession and was not entitled to the absolute title to the same. Ailey v. Burnett, 134 Mo. 313. And, if entitled to subrogation, she could only claim an interest in the lands equal to the amount she paid toward discharging the mortgage. Ailey v. Burnett, supra; Smith v. Stephens, 164 Mo. 615. (2) Whether respondent was entitled to subrogation was a question that the sheriff could not determine, and when she refused to pay the amount of her bid, the only thing that he could do was to reopen the sale. Davis v. Hess, 103 Mo. 31. (3) Upon the face of the whole record the judgment of the court is erroneous. It is a well-established rule that the judgment of the court must follow the verdict of the jury, or the

finding of the court sitting as a jury. In this case, the judgment is in direct conflict with the finding of the court.

*Livingston & Burroughs* for respondent.

(1)    Respondent was entitled to subrogation to the rights of Howell county under the mortgage: First, because the payments were made with a distinct agreement and understanding with the county that she should have the protection of the mortgage security; second, because the payments were made by respondent to protect his homestead rights, which brings her within the rule of one paying a debt to protect his own interest, entitling her to subrogation. Smith v. Stephens, 164 Mo. 415; Ailey v. Burnett, 134 Mo. 313; Fowler v. Fowler, 78 Mo. App. 330.    (2)    An administrator may purchase at a sale of land belonging to his decedent, under either a foreclosure sale or under order of any court except the probate, and take title in his own name. Dillinger v. Kelley, 84 Mo. 561; Bryant v. Jackson, 99 Mo. 585; Baldwin v. Dalton, 168 Mo. 20.    (3)    Respondent, being administratrix of the estate, was entitled to a deed upon payment of the balance due with costs of sale, irrespective of her right to subrogation. Elstroth v. Young, 83 Mo. App. 253; Dix v. Morris, 1 Mo. App. 93, 66 Mo. 514; Lewis v. Carson, 93 Mo. 587; Francisco v. Wingfield, 161 Mo. 542.    (4)    When a sale is for a grossly inadequate consideration, such as to shock the moral sense and outrage the conscience, it will be set aside by the courts to promote the ends of justice. Railroad v. Brown, 43 Mo. 294; Davis v. McCann, 143 Mo. 172. And especially will courts interfere where inadequacy of price is coupled with mistake, fraud or accident. Cole County v. Madden, 91 Mo. 585; Gordon v. O'Neil, 96 Mo. 350.    (5)    In any event, the sheriff and trustee had no right to reopen the sale on the same day, after the bidders had dispersed, and

it would have been his duty to re-advertise the land before conducting a second sale. Davis v. Hess, 103 Mo. 37; Judge v. Booge, 47 Mo. 545.

MARSHALL, J.—This is a proceeding in equity to restrain the defendant, Thomas, the sheriff of Howell county, from executing and delivering to the defendant Hogan, a deed to the northwest quarter of the southwest quarter of section 12, township 25, range 8, in Howell county, pursuant to a sale thereof under a certain mortgage thereon made by Aaron Burroughs, and his wife, the plaintiff, on August 3, 1885, to secure to Howell county the sum of five hundred dollars school money, borrowed by him from the county, and to command the sheriff to execute a deed thereto to the plaintiff. The circuit court entered a decree for the plaintiff as prayed, and the defendants appealed.

The case made is this:

On and for many years prior to August 3, 1885, Aaron Burroughs owned the land in controversy, and lived upon it as his homestead, with his wife and children. It did not exceed the size or value allowed by law as a homestead. On the day aforesaid he borrowed five hundred dollars school money from the county, and gave a mortgage on the land to secure the loan, in which his wife joined. In November, 1887, he died, leaving a widow and seven children, all minors. His estate was hopelessly insolvent. He left four thousand dollars life insurance to his wife. She applied the whole of it to the payment of his debts, including three hundred dollars paid to the county on account of the five hundred dollar loan aforesaid. She also received a sum of money, the amount of which is not disclosed, from her father's estate, and applied that also to the payment of his debts. She also applied her earnings and those of her children to the payment of his debts. She was anxious to save the homestead for herself and her children, and with this end in view, she made an

arrangement with the county court that she would pay up all the debt secured by the mortgage except a small sum, and then the court should foreclose the mortgage and she would buy in the land at the sale under the mortgage for the balance due thereon and the costs of foreclosure. Accordingly she paid on account of the principal and interest due on the mortgage an aggregate of $882.90, leaving a balance due thereon of, to-wit, twenty-seven dollars and twenty-seven cents. Pursuant to said arrangement, and at her request, the county court then ordered the sheriff to foreclose the mortgage, which he proceeded to do, by advertising it for sale on January 23, 1900.

At this juncture the defendant Hogan appeared on the scene. He held for collection a note for one hundred dollars, dated January 24, 1887, which Aaron Burroughs had made to one Alsup, and which had been allowed in 1889 against the estate. The plaintiff was the administratrix of the estate, and as she had been paying up the debts with her own means and earnings as aforesaid, for some thirteen years, the estate had never been wound up. Hogan demanded of the plaintiff and the sheriff that his claim should be paid out of the excess realized from the sale over and above the balance due on the mortgage. Thereupon, the plaintiff bid five hundred dollars. There was no other bid and the land was knocked down to her. She tendered the sheriff the balance due under the mortgage and costs of foreclosure, aggregating some forty-seven dollars, and demanded a deed. Hogan insisted that she must pay the whole five hundred dollars so bid, and told the sheriff he would hold him responsible on his bond if he did not collect the whole bid. The sheriff refused to make a deed to the plaintiff unless she would pay the five hundred dollars, and upon her refusal so to do, he put up the land for sale again on the same day and Hogan became the purchaser for the sum of fifty dollars. The land is worth from twelve hundred and fifty dol-

lars to fifteen hundred dollars. Thereupon the plaintiff instituted this proceeding. A temporary injunction was granted, the venue was changed to Texas county, where it was tried before Hon. L. B. Woodside. The court held that the plaintiff, being the administratrix of the estate, was not required to pay anything more than the balance due on the mortgage, and that the sale to Hogan was, therefore, void for that reason. but that it was also void because of the inadequacy of the consideration. The court also held that it could not determine, in this action, whether or not the plaintiff was entitled to be subrogated to the rights of the county under the mortgage. The decree was that the sheriff be enjoined from executing or delivering a deed to Hogan, and that he be ordered to execute a deed to the plaintiff upon the payment of the said balance due on the mortgage and the costs of the foreclosure. From this decree the defendant appealed.

I.

The land was the homestead of Aaron Burroughs, and during his life it was not liable for his debts except such as he charged thereon. [Bank v. Guthrey, 127 Mo. 189; Macke v. Byrd, 131 Mo. 682; Kelsay v. Bank, 166 Mo. l. c. 173; Rose v. Smith, 167 Mo. l. c. 86; Moore v. Wilkerson, 169 Mo. l. c. 337; Spratt v. Early, 169 Mo. l. c. 370; Balz v. Nelson, 171 Mo. l. c. 690.]

The plaintiff, as widow, and her children had an extended estate of homestead in the land. [R. S. 1879, sec. 2693; R. S. 1889, sec. 5439; R. S. 1899, sec. 3620.] It is not necessary to the determination of this case to consider whether or not this land could be sold at all by order of the probate court, for the payment of the debts of the deceased subject to the extended estate of homestead in the widow and children, or if so, when it could be so sold, because no attempt to so sell it has yet been made by the probate court, and because the

sale in question here was held under the mortgage, and if a stranger had purchased thereunder he would have acquired a good title, and the extended estate of homestead and the right to sell the land for the payment of the general debts of the estate would have been cut out entirely.

Neither is it necessary now to decide what, if any, rights the general creditors would have in the surplus of the five hundred dollars bid, over and above the amount necessary to pay the balance due on the mortgage and the costs of the foreclosure. It is enough now to say that the sheriff had no right to consider or adjudge those questions. The duty of the sheriff was to collect, by a sale of the land, the balance due on the mortgage with the costs of foreclosure, and it was his business to know how much that amounted to. If anyone else than the plaintiff had become the purchaser, it would have clearly been his duty to have collected the whole amount bid, and to apply so much thereof as was necessary to the payment of the balance due on the mortgage and the costs of foreclosure, and, according to the terms of the mortgage, which alone gave him authority to act, to turn over the excess to the mortgagor or his legal representative. The plaintiff was his legal representative and hence she was entitled to receive said excess. It would have been an idle ceremony, therefore, to require her to pay the whole amount of the bid to the sheriff, and for him to deduct said amounts therefrom and hand back the balance to her. If such ceremony had been gone through with, Hogan would not have been entitled to demand payment of his claim out of such surplus either from the sheriff or from the plaintiff. If he wanted to reach such surplus in her hands it would have been necessary for him to invoke the aid of the probate court to compel her to account for such excess as administratrix, and if she had been so held to account, such fund would have enured to the benefit of all the creditors of the estate in the

order of the priority of their claims, and could not be summarily applied to the payment of Hogan's claim.

But whenever the question as to the disposition of the surplus arose, the right of the widow and children to the money thus arising out of the homestead, would necessarily present itself for adjudication, for such excess would represent and stand in the place of the land, and their right to the money would be the same as their right to the homestead. Likewise the plaintiff's right of subrogation would then arise, and that right if established would be superior to the claims of the general creditors, for it must be noted that she was entitled to protect her homestead rights as against the mortgage and to bid at the foreclosure sale under the mortgage, and the fact that she was administratrix of the estate did not deprive her of this right. In fact the estate was insolvent. It had no money which she could employ to protect the interests of the general creditors by paying off this mortgage, even if it would have been proper for her to employ funds of the estate to pay off a mortgage on the homestead.

Other considerations suggest themselves with respect to the complications that would arise under such contingencies, but it is useless to pursue the inquiry here for they are not involved in this case.

The judgment of the circuit court is clearly right and it is affirmed. All concur.