H. B. HARDY, Administrator of JAMES T. ATKIN-
SON, Respondent, v. SARAH C. ATKINSON et al.,
Appellants.

Kansas City Court of Appeals, April 19, 1909.

1. MORTGAGE: Foreclosure: Parties: Personal Representative:
Husband and Wife: Dower. Where the mortgagee or his as-
signee dies, whether before or after action brought for fore-
closure, his personal representative should be made a party;
and a wife is not a necessary party though she joined in the
execution of the mortgage, until the death of the husband
when her dower rights intervene.

2. ———: ———: ———: ———: ———: ———: Homestead.
The widow has rights to dower and homestead in the same
estate, but the homestead comes out first, then the dower
diminished by the homestead; and where the widow conveyed
her interest to the heir, the entire fee is merged in him as re-
mainderman and the mortgage executed by husband and wife,
would, upon foreclosure, pass the entire fee to the purchaser.

3. ———: ———: ———: Homestead: Surplus: Merger: Admin-
istrator. Where the foreclosure proceeds exceed the home-
stead and the mortgage, the widow is entitled to the surplus
and there is no need for an administrator to represent the
general creditors, notwithstanding the entire estate is merged
in the heir by conveynace from the widow.

Appeal from Moniteau Circuit Court.—*Hon. William
H. Martin,* Judge.

AFFIRMED.

*Edmund Burke* for appellants.

(1) In this case the amended petition as refiled
June 10, 1907, having alleged that W. J. Atkinson ex-
ecuted the note and deed of trust, given to secure its
payment and which are referred to, in, and filed with,
said petition to enforce the payment of which note and
to foreclose said deed of trust, this suit was instituted,

and that said W. J. Atkinson died prior to the institution of suit thereon; then, under the law, the administrator of said W. J. Atkinson was necessary party defendant therein. R. S. 1899, sec. 4346; McDonald v. Frost, 99 Mo. 49; Tierney v. Spiva, 97 Mo. 101; Miles v. Smith, 22 Mo. 503. (2) The administrator of W. J. Atkinson was the only necessary party defendant in this action, the amended petition as refiled June 10, 1907, having alleged that said Atkinson executed the note and deed of trust given to secure the payment of same, and which note and deed of trust are filed with said petition and that said Atkinson died before the institution of suit thereon. Hall v. Klepzig, 99 Mo. 86-87; Blevins v. Smith, 104 Mo. 615; Riley's Admr. v. McCord's Admr., 21 Mo. 289; Perkins v. Woods, 27 Mo. 547-8. (3) It appearing from said amended petition, that at the time of the institution of said suit, said W. J. Atkinson was dead and that his administrator was not made a party defendant therein, the widow and children of said W. J. Atkinson were not necessary parties to the action and the suit against them should have been dismissed and the demurrer filed by them should have been sustained. Tierney v. Spiva, 97 Mo. 101 and cases cited; Miles v. Smith, 22 Mo. 503. (4) In this case, though Sarah C. Atkinson, widow of W. J. Atkinson, deceased, may have executed the deed of trust referred to and filed with the amended petition, in conjunction with her husband, W. J. Atkinson, to foreclose which suit has been instituted, she was not a necessary party defendant and as to her the suit should have been dismissed and the demurrer sustained. Thornton v. Pigg, 24 Mo. 252. (5) In this case, there being a defect of parties defendants, the demurrer filed by them should have been sustained, and judgment rendered in favor of defendants instead of in favor of the plaintiff. R. S. 1899, sec. 598; Akins v. Hicks, 109 Mo. App. 99.

*Moore* & *Williams* for respondent.

(1)   We make no contention, as to the doctrine of the cases cited by appellant, that in case of a strict legal foreclosure, and the deceased mortgagor has personal property, subject to administration, and there is an administration, that the administrator would be a proper party defendant, and the mortgagee would also be entitled to a general judgment against the estate. It was early decided by the Supreme Court of this State, that while a party might bring a suit at law under the statute to foreclose the equity of redemption, yet "it has been the opinion that, notwithstanding the mode prescribed by the statutes, a party might forego the statutory remedy and pursue his rights in a court of chancery, by a bill of equity." Riley's Admr. v. McCord's Admr., 24 Mo. 268; Thayer v. Campbell, 9 Mo. 282; Coal Co. v. Bingham, 97 Mo. 212; Hannah v. Davis, 112 Mo. 608; McClurg v. Phillips, 49 Mo. 315.   (2)   Whether the action is one at law or in equity, must be determined by the circumstances disclosed by the pleadings, and the relief to be granted.   Brim v. Fleming, 135 Mo. 604; Tuttle v. Blow, 163 Mo. 644; State ex rel. v. Evans, 176 Mo. 317.

BROADDUS, P. J.—The appeal in this case is from the action of the court in overruling defendant's demurrer to plaintiff's petition.

The recitations of the petition in substance are: That in September, 1898, one W. J. Atkinson executed his promissory note payable to James T. Atkinson or order for the sum of $500 due one day after date, bearing seven per cent interest per annum; that the said W. J. Atkinson with his wife the defendant Sarah C. for the purpose of securing the payment of the note executed a deed of trust in the nature of a mortgage with J. E. Lander as trustee conveying to the latter for the use of

the said James Atkinson as beneficiary certain real estate, described, upon the usual conditions in such instrument, and that when the debt and interest was paid the instrument was to be void, otherwise to remain in full force and effect.

' It is alleged that the said W. J. Atkinson failed to pay any part of said note and interest; that after its execution the said W. J. Atkinson died, on the 25th day of December, 1898, intestate; that he left no property subject to administration and no administration was had on his estate; that on the 14th day of January, 1899, defendant Sarah C., his widow, filed a motion in the probate court of Moniteau county, stating that the personal property of the said W. J. did not exceed $94 in value, and praying that an order be made refusing letters of administration; that the court upon hearing the motion made an order that no letters of administration should be granted on said estate and all the property of deceased was turned over to the said Sarah C. as widow; that the said W. J. at the time of his death occupied the dwelling on the land described with his family and that said real estate constituted his homestead, and that of his widow and his minor children during their minority; that after the death of the said W. J. the defendant Sarah C. continued to occupy the said real estate up to the present time, with the defendants Elva A. Howard and Sarah E. Atkinson, children of W. J. and Sarah C., who have obtained their majority; that said homestead was at all times and now is of less value than $1,500; that the said Sarah C. and daughters Elva A. Howard and Sarah E. Atkinson were and are the only heirs at law of the said W. J.; that the said Sarah C. as widow was entitled to life estate in the realty as her homestead and that the other defendants are entitled to the remainder subject to said mortgage debt; and that plaintiff is informed that Sarah C. has made a quitclaim conveyance of her said homestead rights to her two daughters, Sarah E. and Elva A.

It is further alleged that the said James T. Atkinson died intestate, in Moniteau county, on the 12th day of December, 1905, that on the 19th day of December, 1905, the plaintiff as public administrator was appointed administrator of the said James T. Atkinson's estate and as such brings this suit; and that the trustee has moved from the State; that as no action as a strict action of law for foreclosure of said mortgage will lie, under the facts of the case, and there can be no administrator appointed, the chancery powers of the court are invoked for a judgment of foreclosure in equity, and for a sale of the property, which must be sold as a whole, and after the payment of the note and interest, the balance of the proceeds be paid out under the orders of the court.

To the petition defendants filed a demurrer the purport of which is that the estate of the said W. J. in the land cannot be foreclosed unless it be represented by an administrator; and because the defendants are not necessary parties to the suit.

Section 4346, chapter 52, concerning mortgage and deeds of trust provides: "In case of the death of the mortgagee or his assignee or of the mortgagor, whether before or after action brought, the personal representative of the deceased party shall be made plaintiff or defendant, as the case may require." [McDonald v. Frost, 99 Mo. 44; Tierney v. Spiva, 97 Mo. 98.] And it is held in such cases that the only necessary party to the suit is the administrator of the deceased. [Hall v. Klepzig, 99 Mo. 83; Blevins v. Smith, 104 Mo. l. c. 615.] And in Thornton v. Pigg, 24 Mo. 249, it is held that although a wife should join with her husband in the execution of a mortgage, she is not a necessary party under the statute to foreclose a mortgage. See, also, Riddick v. Walsh, 15 Mo. 519. But this rule does not apply after the death of the husband as the wife's inchoate right to dower has by his death vested an estate as tenant for life.

And it is said there is nothing inconsistent with the widow's rights to both dower and homestead in the same estate. [Gragg v. Gragg, 65 Mo. 343.] But she is entitled to her homestead first and from the residue of the real estate she is intitled to dower, diminished by the amount of her interest in the homestead. [R. S. 1899, sec. 3621.] It appears from the recitations of the petition that the widow's right of dower is extinguished by reason of the preponderance in value of her homestead right. The widow having conveyed her homestead right to her two children, the entire fee to the land merged in them, they being the remaindermen. [5 Words and Phrases, 4492; Bassett v. O'Brien, 149 Mo. 381.] The mortgage covered the entire fee including dower, homestead and the remainder, and a foreclosure would pass to the purchaser such fee.

If there should be a surplus, it would go to the widow. It is held that if the property be of greater value than the homestead and the mortgage combined, the widow is entitled to the surplus after a deduction of the amount of the mortgage. [Hufschmidt v. Gross, 112 Mo. 649; Burroughs v. Howell Co., 180 Mo. 642; Elstroth v. Young, 83 Mo. App. 253.] Such being the law, notwithstanding the merger, the general creditors would have no interest in the estate. Consequently, there was no necessity for an administrator.

Affirmed. All concur.